948 So.2d 1137 (2006)
KENNETH AND ALLICEN CALUDA REALTY TRUST
v.
FIFTH BUSINESS L.L.C.
No. 06-CA-608.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2006.
Kelly M. Rabalais, Michael L. Fantaci, LeBlanc Butler, L.L.C., Metairie, LA, for Plaintiff/Appellee.
Roderick Christopher Patrick, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
DALEY, Judge.
The defendant has appealed the trial court judgment in favor of plaintiff in this possessory action. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.
FACTS:
On May 8, 2006, the plaintiff, the Kenneth and Allicen Caluda Realty Trust, (hereinafter the Trust) filed a Petition for Possession against Fifth Business, LLC (hereinafter Fifth Business). This petition stated that the Trust entered into a lease with Fifth Business on January 1, 2002 and that pursuant to the lease members of the LLC, Lisa Tanet, and Rogerick Patrick were required to execute a personal surety. The petition alleged that more than 20 days had elapsed since the Trust put the members of Fifth Business on notice of the failure of its members to sign a personal surety and there had been no attempt to cure this default. The petition further alleged that a notice of cancellation and notice to vacate was hand delivered to Mr. Patrick, registered agent for the LLC and attached to the leased premises. This petition requested to proceed by summary process and asked defendants to show cause why they should not be made to vacate the premises and for an eviction if defendants failed to vacate the premises. A hearing on the petition for possession was held on May 30, 2006. On that same day, Fifth Business filed a Declinatory Exception of Insufficiency of Service alleging *1138 that Fifth Business had not been served with any pleadings filed in this case. At the hearing, the attorney for Fifth Business argued that it had not been properly served with any of the pleadings filed in this matter. The attorney for the Trust pointed out that a provision in the lease allows the lessor to proceed without legal process when the lease has been terminated. The trial judge found that the lease "controlled" and granted the Trust's Petition for Possession. This devolutive appeal followed.
LAW AND DISCUSSION:
On appeal, Fifth Business raises several Assignments of Error. However, our review of this matter indicates the trial court erred as a matter of law by granting an eviction without taking any evidence, without the introduction of any exhibits, or without placing any witnesses under oath.
When a lessor finds that a lessee's right of occupancy has ceased because of an action or inaction of the lessee, the lessor may file an eviction proceeding. C.C.P. art. 4701. When a lessee has waived its right to notice to vacate the premises, the lessor may institute eviction proceedings. C.C.P. art. 4701. In the eviction proceeding, the lessor may rule the lessee into court wherein the lessee must show cause why he should not be ordered to deliver possession of the premises to the lessor. C.C.P. art. 4731. If the trial court finds the lessor is entitled to possession of the premises, a judgment of eviction ordering the lessee to deliver possession of the premises to the lessor shall be rendered by the court. C.C.P. 4732.
The transcript of the hearing on the plaintiff's Petition for Possession is void of any evidence that plaintiff owns the premises, that defendant was the lessee of the premises, that a lease existed between the parties, or of any action or inaction by defendant that constituted breach of the lease agreement. A judgment of eviction must be reversed when the lessor fails to prove the legal ground upon which the lessee should be evicted. Edwards v. Edwards, 439 So.2d 478 (La.App. 1 Cir.1983); PTS Physical Therapy Service v. Magnolia Rehabilitation Service, Inc. 40,558 (La. App. 2 Cir. 1/27/06), 920 So.2d 997.
CONCLUSION:
For the foregoing reasons, the judgment of the trial court ordering Fifth Business to vacate the premises and deliver possession of the property to the Trust is reversed. This matter is remanded to the trial court for further proceedings.
REVERSED; MATTER REMANDED.