SUSAN M. CHEHARDY, Judge.
L.On appeal, a lessee seeks review of a judgment granting the lessor’s rule for eviction, canceling the lease, and ordering the lessee to vacate the leased premises. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On July 14, 2006, Vincent Mark Castillo (“Castillo”) signed a written document entitled “Residential Lease” for the use of immovable property at 724 St. Rose Avenue in St. Rose, Louisiana from Fred Gui-dry, Jr.(“Guidry”) for $200.00 per month. The lease provided for a term of three years, which was to end on June 30, 2009. Castillo admitted, at trial, that he had paid rent only through March 30, 2007.[1]
On June 28, 2007, Guidry gave Castillo written notice of default on the lease because of breach of the terms of the lease, including use of the property for commercial purposes and numerous violations of at least two parish ordinances. |sOn July 20, 2007, Guidry filed a rule for eviction seeking to evict Castillo, cancel the lease, and return possession of the property to himself.
Following a hearing on the rule for eviction,[2] the trial judge[3] signed a judgment on January 15, 2008 ordering Castillo to vacate the premises within 30 days. Castillo appeals that ruling.
ASSIGNMENTS OF ERROR
Castillo asserts nine assignments of error on appeal but the central question before this Court is whether the trial judge erred in granting the Judgment of Eviction.[4]
STANDARD OF REVIEW
The standard of appellate review of factual findings in a civil action is a two-part test: (1) the appellate court must find from the record there is a reasonable factual basis for the finding of the factfinder, and (2) the appellate court must further determine the record establishes the finding is not manifestly erroneous (clearly wrong). Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Factual findings should not be reversed on appeal absent manifest *52 error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). If the trial court’s or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).
LAW AND DISCUSSION
A lease is a synallagmatic contract, to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing at a fixed price. La. |4C.C. art. 2668. A lease may be made either by written or verbal contract. La. C.C. art. 2681.
The lessee is bound to pay the rent according to the agreed terms. La. C.C. art. 2683. If the lessee fails to pay the rent when it becomes due, the lessor may dissolve the lease and regain possession of the property as provided by law. La. C.C. art. 2704.
When a lessor finds that a lessee’s right of occupancy has ceased because of an action or inaction of the lessee, the lessor may file an eviction proceeding. La. C.C.P. art. 4701. Wflien a lessee has waived its right to notice to vacate the premises, the lessor may institute eviction proceedings. La. C.C.P. art. 4701. In the eviction proceeding, the lessor may rule the lessee into court wherein the lessee must show cause why he should not be ordered to deliver possession of the premises to the lessor. La. C.C.P. art. 4731. If the trial court finds the lessor is entitled to possession of the premises, a judgment of eviction ordering the lessee to deliver possession of the premises to the lessor shall be rendered by the court. La. C.C.P. art. 4732. See Kenneth and Allicen Caluda Realty Trust v. Fifth Business L.L.C., 06-608 (La.App. 5 Cir. 12/27/06), 948 So.2d 1137, 1138.
In this case, the lease at issue was a written contract between Castillo and Guidry, in which Castillo explicitly waived written notice of termination, as allowed by La. C.C.P. art. 4701. Moreover, on June 28, 2007, Guidry gave Castillo written notice that he was in default on the lease for conducting commercial operations on the leased premises and advised that Castillo had five days to cease his actions. Guidry instituted ordinary proceedings with the Rule for Eviction on July 20, 2007.
At trial, Guidry produced evidence that Castillo had, during the course of his tenancy, parked numerous vehicles marked “For Sale,” near the street abutting the | ¡¿eased property. Although Castillo denied that he routinely sold cars from the property, Guidry produced photographs of the property that showed vehicles marked for sale on the property. Further, Guidry presented testimony from a neighboring tenant that Castillo routinely held a weekend “flea market” of products that were shrink-wrapped and bar-coded for sale.
Finally, Guidry presented testimony from Daniel Domengeaux, a Code Enforcement Agent for the St. Charles Parish Planning and Zoning Department, who testified that he had been responsible for investigating reports of violations in the St. Rose area for about three months. In his three-month tenure over this area, he had received 20 complaints about the leased property and had visited the property 10 times. Guidry produced numerous notices from St. Charles Parish of violations of the Parish’s Zoning ordinances and even a notice from the Louisiana Department of Health and Hospitals that Castillo was violating the State’s Sanitary Code at the leased premises. Guidry also submitted into evidence numerous pictures reflecting the appearance of the land in question.
*53 Guided by the manifest error standard of review, we find a reasonable factual basis in the record for the trial court’s decision to render a judgment in favor of Guidry, to cancel the lease, and return full possession to Guidry. Sistler v. Liberty Mutual Ins. Co., supra; Dowl v. Arias, 06-0874 (La.App. 4 Cir. 2/14/07), 958 So.2d 81, 82-84.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
GUIDRY, J., concurs with reasons.

. Castillo verified that he had submitted five more rent checks covering April, May, June, July, and August for that year, which were not negotiated. Guidry testified that he tried to negotiate the checks but the bank refused to honor the checks due to insufficient funds in the account. Guidry could not recall whether he had accepted the checks after he had instituted proceedings against Castillo; nevertheless, Castillo admitted that the account upon which the checks were drawn was closed.

. Castillo chose to appear in proper person at the hearing on this matter as he does now on appeal.

. We note that, in light of a lawsuit filed by Vincent Mark Castillo against the Judges of the 29th Judicial District Court, all of the district court judges from St. Charles Parish were recused from hearing this matter. On November 6, 2007, Retired Judge Frank Foil was assigned to hear all matters concerning Vincent Mark Castillo on the docket of the 29th Judicial District Court.

.Although we acknowledge that Mr. Castillo conducted himself with proper decorum during oral argument before this Court, we note that several of the assignments of error in his brief include allegations that could be construed as contumacious and, as such, will not be published in this opinion. See La. C.C.P. art. 222(3)("use of insulting ... or discourteous language by an attorney or other person ... in a ... brief ... filed with the court in irrelevant criticism ... of a judge or officer of the court” constitutes direct contempt of court).