SUSAN M. CHEHARDY, Judge.
 

 | .¿On appeal, tenants seek review of the summary judgment granted in favor of the landlord in this lease dispute. For the following reasons, we affirm.
 

 According to the record before this Court, Thang Due Bui (hereinafter “Mr. Bui”) owned real property with the municipal address of 755 Behrman Highway in Terrytown, Louisiana. In a “Commercial Lease Agreement,” Mr. Bui agreed, starting July 12, 2007, to lease that property, in exchange for $2,000.00 per month,
 
 [1]
 
 to Behrman Discount, Inc. for use as a “gasoline/diesel station and food store.”
 
 [2]
 

 Regarding breach of the lease by Lessee, Paragraph 15 of that Commercial Lease Agreement reads:
 

 Should Lessee [Behrman Discount] fail to pay any of the rentals provided for herein promptly on the day when the same shall become due and payable hereunder, and shall continue in default for a period of five (5) days after written notice thereof by Lessor [Mr. Bui], or should Lessee fail to comply with any of the other obligations of this lease, within fifteen (15) days from the mailing by Lessor of notice demanding same, Lessor shall have the right, at Lessor’s option (a) to cancel this lease, in which event there shall be due to Lessor as | .¿liquidated damages, a sum equal to the amount of the guaranteed rent for one year, or alternatively at Lessor’s option to be reimbursed all actual cost incurred in reentering, renovating and re-letting said premises; (b) to accelerate all rentals due- for the unexpired remaining term of this lease and declare same immediately due and payable; and/or (c) to sue for the rents in intervals or as the same accrues.
 

 Further, the Lease Agreement contains a number of clauses regarding Behrman Discount’s movable and/or “personal” property located on the leased premises. First, Paragraph 9 of that Lease reads, in pertinent part:
 

 All alterations, replacements and improvements made upon the premises during the lease shall be done only with the prior express written consent of Lessor and shall become the property of Lessor upon the expiration of the lease. However, those certain trade fixtures, machinery and equipment installed by Lessee solely for use in his business shall remain the property of the Lessee; such trade fixtures ... shall be removed at the expiration of the lease,
 
 provided the lease not then be in
 
 default,.... (Emphasis added).
 

 Next, Paragraph 12 of that Lease reads:
 

 Lessee hereby accepts that Lessor shall have the rights provided for protection
 
 *1012
 
 of interests under Louisiana law, and in addition shall have a possessory lien on all goods located upon the premises for payment of all rental and other sums due by Lessee to Lessor by reason of this lease.
 

 Furthermore, Paragraph 17 of that Lease Agreement reads:
 

 Should Lessor terminate this lease as provided in this article, Lessor may reenter said Leased Premises and remove all persons, or personal property, without legal process, and all claims for damages by reason of such reentryfsic] are expressly waived.
 

 The final paragraph that addresses Behr-man Discount’s movables located on the leased premises is Paragraph 26, which reads:
 

 Should the premises be abandoned by Lessee or should Lessee begin to remove personal property to the detriment of Lessor’s lien, then the rent for the unexpired term, with reasonable attorney’s fees, shall immediately become due, and Lessor, at Lessor’s option, may cancel the lease or re-enter and let the premises for such price or on such terms as may be immediately obtainable, and apply the net amount realized to the amount due by Lessee.
 

 ^Furthermore, the final paragraph, Paragraph 32, of the lease agreement reads:
 

 And now comes Giridhara Rao Mowa, WHO IS MADE A PARTY to this contract of lease and is bound with Lessee IN SOLIDO for the faithful execution of all obligations to be performed on the part of Lessee, and furthermore waives all rights to release from this obligation due to Lessor’s failure to protest for non-payment of rent or due to the filing of bankruptcy, receivership or respite petition by or against Lessee or discharge in bankruptcy of Lessee, or upon Lessee’s suspension, failure or insolvency, or to the appointment of a receiver for Lessee by any competent court. (Emphasis in original).
 

 Finally, Mr. Bui signed the lease as Lessor. As Lessee, Mr. M. Giridhara Rao signed the lease for Behrman Discount, Inc. in his capacity as its President. Furthermore, Mr. M. Giridhara Rao signed the lease as “Surety.”
 

 According to Mr. Rao, on or about September 11, 2007, he received a warning letter from the Louisiana Department of Environmental Quality stating that the underground fuel storage tanks on the premises were not compliant with current safety laws, which subjected the premise’s owner and/or operator to significant fines. In response, Mr. Rao admitted that he closed the gas station on or about November 17, 2007, to avoid “the risk of going through UST [underground storage tank] issues with the state.”
 

 On November 26, 2007, Mr. Bui’s property management agent notified Mr. Rao and Behrman Discount by certified mail that they were in default of the lease for non-payment of rent and taxes. Mr. Bui’s agent alerted defendants that if the rent, taxes, and late fees were not paid within five days, then Mr. Bui would begin eviction proceedings.
 

 According to a notation in the record, the eviction proceedings were filed on December 6, 2007 and tried on December 12, 2007. On or December 17, 2007, Justice of the Peace Vernon Wilty signed a Writ of Ejection authorizing the Constable to eject Mr. Rao from the premises of 755 Behr-man Highway and place |sMr. Bui’s property management agent into full possession thereof. According to the record, the Writ of Ejection was executed on January 14, 2008 without the tenant present.
 

 
 *1013
 
 On or about March 13, 2008, less than one year into the lease term, Mr. Bui filed a Petition for Damages against Mr. Rao and Behrman Discount for breach of the lease. In his Petition, Mr. Bui alleged that the defendants had not paid rent or taxes for October 2007 or November 2007. Mr. Bui prayed for liquidated damages of oné year’s rent, as provided in the default clause of the lease, plus judicial interest, attorney’s fees, and costs.
 

 On April 17, 2008, Mr. Rao,
 
 in proper person,
 
 filed an answer, denying any damages but admitting that he withheld payment of November 2007’s rent. Mr. Rao further stated that he withheld rent because he had to close the gas station and store. Mr. Rao stated that he closed the business so that he did not face state and federal fines for operating a gas station with leaky, or non-compliant, fuel storage tanks.
 

 On October 30, 2008, Mr. Bui filed a motion for summary judgment, including his personal affidavit and a copy of the Commercial Lease Agreement at issue. In his affidavit, Mr. Bui attested that Mr. Rao did not pay rent on the Behrman property for October 2007 or November 2007.
 

 In opposition, Mr. Rao filed an “explanation” that referenced another lawsuit he filed against Mr. Bui that is or was pending in the Twenty-Fourth Judicial District Court.
 
 [3]
 
 According to Mr. Rao, he filed suit seeking either “rescission” of the lease or reimbursement for rent he paid to Mr. Bui on the Behrman property from July 2007 through October 2007 because the property could not be used due to “violations with UST’s and other repairs [Mr. Bui] doesn’t want to repair ....” |f;Mr. Rao did not include an affidavit or other supporting documentation,' such as the letter from the Department of Environmental Quality, to oppose that which was filed by Mr. Bui.
 

 On December 12, 2008, the trial judge, after a hearing, granted summary judgment against Mr. Rao and Behrman Discount and in favor of Mr. Bui with an award of $24,000.00 plus legal interest, costs, and attorneys fees in the amount of 25% of the aggregate of principal and interest. The trial judge signed a written judgment to that effect on December 17, 2008.
 

 On January 5, 2009,
 
 [4]
 
 Mr. Rao, through counsel, filed a motion for new trial on the basis that the verdict was contrary to the evidence. Mr. Rao argued that, under La. C.C. art. 2682, after Mr. Bui evicted Mr. Rao and Behrman Discount on December 17, 2007, Mr. Bui was not entitled to any rent or taxes that accrued thereafter.
 

 On July 24, 2009, the trial judge denied Mr. Rao’s motion for new trial. On September 22, 2009, Mr. Rao,
 
 in proper person,
 
 filed a devolutive appeal.
 

 
 *1014
 
 On appeal, Mr. Rao appears to argue that Mr. Bui provided false or misleading information to the district court in order to obtain judgment against Mr. Rao. Mr. Rao alleges that Mr. Bui failed to provide “the information of why store temporarily was closed and what are the conditions to meet to open the store again.”
 

 Mr. Bui, through counsel, filed a Motion to Strike [Mr. Rao’s] Non-Conforming Brief and Motion to Dismiss the Appeal as Abandoned. In his Motion, Mr. Bui argues that appellant’s filing does not conform to the Uniform 17Rules of the Courts of Appeal because, among other things, it does not identify the ruling at issue, fails to state the error committed by the lower court with proper citation to the appellate record, and fails to cite authority for his allegations. Mr. Bui further argues that Mr. Rao’s appeal should be dismissed because his appellate brief was not timely filed. We denied appellee’s motions.
 

 Thereafter, Mr. Bui filed a brief addressing the propriety of the motion for summary judgment granted on December 17, 2008. Mr. Bui contends that the trial court was correct in granting summary judgment because he presented sufficient evidence of a breach of the lease and Mr. Rao failed to establish a genuine issue of material fact existed to preclude judgment as a matter of law.,
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Schroederv. Board ofSup’rs of Louisiana State University,
 
 591 So.2d 342 (La.1991);
 
 Pizani v. Progressive Ins. Co.,
 
 98-225, p. 3 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086.
 

 Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Moreover, Article 967 provides, in pertinent part, as follows with regard to the requirements for affidavits and evidence in support thereof:
 

 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts
 
 as would be admissible in evidence,
 
 and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. (Emphasis added).
 

 |SA document that is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether genuine issues of material fact remain.
 
 See
 
 La. C.C.P. art. 966; La. C.C.P. art. 967. In meeting the burden of proof, unverified documents annexed to motions for summary judgment are not self-proving and, therefore, will not be considered as competent summary judgment evidence.
 
 Mitchell v. Kenner Regional Medical Center,
 
 06-620 (La.App. 5 Cir. 1/30/07), 951 So.2d 1193,1197.
 

 The party bringing the motion bears the burden of proof. In
 
 Premier Restaurants, Inc. v. Kenner Plaza Shopping Center, L.L.C.,
 
 99-1310 (La.App. 5 Cir. 8/29/00), 767 So.2d 927, this Court stated:
 

 The initial determination, on a motion for summary judgment, is whether the supporting documents presented by the moving party are sufficient to resolve all material issues of fact, if they are not sufficient, summary judgment should be denied. To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the
 
 *1015
 
 truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact.
 

 [[Image here]]
 

 An unsworn and unverified document is insufficient. Thus, statements made in letters rather than by affidavits have no evidentiary value.
 

 Id.
 
 at 932-933. (Citations omitted.)
 

 A lease is a synallagmatic contract, to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing at a fixed price. La. C.C. art. 2668. A lease may be made either by written or verbal contract. La. C.C. art. 2681.
 

 The lessee is bound to pay the rent according to the agreed terms. La. C.C. art. 2683. If the lessee fails to pay the rent when it becomes due, the lessor may dissolve the lease and regain possession of the property as provided by law. La. C.C. art. 2704.
 

 | ¡¡When a lessor finds that a lessee’s right of occupancy has ceased because of an action or inaction of the lessee, the lessor may file an eviction proceeding. La. C.C.P. art. 4701. When a lessee has waived its right to notice to vacate the premises, the lessor may institute eviction proceedings. La. C.C.P. art. 4701.
 

 In the eviction proceeding, the lessor may rule the lessee into court wherein the lessee must show cause why he should not be ordered to deliver possession of the premises to the lessor. La. C.C.P. art. 4731. If the trial court finds the lessor is entitled to possession of the premises, a judgment of eviction ordering the lessee to deliver possession of the premises to the lessor shall be rendered by the court. La. C.C.P. art. 4732.
 
 See, Kenneth and Alli-cen Caluda Realty Trust v. Fifth Business L.L.C,
 
 06-608 (La.App. 5 Cir. 12/27/06), 948 So.2d 1137,1138.
 

 In this case, the lease at issue was a written contract between Mr. Bui and Behrman Discount through Mr. Rao. When he filed for summary judgment, Mr. Bui attached a copy of the lease and an affidavit that Behrman Discount and Mr. Rao had not paid rent in October 2007 or November 2007. In his opposition, Mr. Rao admitted that he had not paid rent in November 2007 but alleged extenuating circumstances that were not supported by documentation.
 

 In our
 
 de novo
 
 review of the documentation submitted in support of Mr. Bui’s motion for summary judgment and Mr. Rao’s opposition, we find that Mr. Bui presented competent evidence to justify judgment as a matter of law and Mr. Rao did not establish the existence of a genuine issue of material fact necessary to preclude summary judgment. Accordingly, the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The lease contained provisions for increased rental fees in the fourth and fifth year of the contract as well as payment each month of 1/12 of the taxes assessed for the property. Further, the lease also contained three option periods to allow the tenant to extend the lease for fifteen years or more.
 

 [2]
 

 . The lease agreement was signed by two witnesses and notarized by an attorney.
 

 [3]
 

 . It is unclear from the record before us whether there has been a final judgment in that litigation. Further, it is of no moment to this appeal.
 

 [4]
 

 . Here, the record reflects that the Clerk of Court for the Twenty-Fourth Judicial District Court mailed notice of judgment on December 18, 2008. Therefore, the seven-day delay to apply for a new trial provided in La. C.C.P. art. 1974 began to run on December 19, 2008.
 
 See also
 
 La. C.C.P. art. 1913. In 2008, according to La. R.S. 1:55 and by Governor’s proclamation, Christmas Eve Day; Christmas Day; December 26; New Year’s Eve Day; New Year's Day; and Friday, January 2, 2009 were legal holidays for the Clerk of Court of the Twenty-Fourth Judicial District Court and the court itself. Therefore, if all legal holidays are excluded, defendants had until January 6, 2009 to file their motion for new trial in the district court. Here, defendants timely filed their motion on January 5, 2009.