JOSEPH J. BAZILE, JR. AND BARBARA B. MIRE

VERSUS

GSS HOLDINGS LA, LLC, VETERANS FOOD MART, LLC AND OCCUPANTS AT 1227 VETERANS MEMORIAL BOULEVARD IN KENNER, LOUISIANA

NO. 25-CA-76

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 856-247, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

September 24, 2025

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Scott U. Schlegel

**REVERSED**
   **SUS**
   **FHW**
   **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
JOSEPH J. BAZILE, JR. AND BARBARA B. MIRE
    Andrew T. Lilly

COUNSEL FOR DEFENDANT/APPELLANT,
GSS HOLDINGS LA, LLC, AND VETERANS FOOD MART LLC
    David J. Halpern
    Georgia N. Ainsworth

**SCHLEGEL, J.**

Defendants/appellants, GSS Holdings LA, LLC ("GSS") and Veterans Food Mart LLC ("VFM") seek review of the final judgment of November 8, 2024, which granted plaintiffs/appellees Joseph J. Bazile, Jr. and Barbara B. Mire's rule to evict appellants from commercial property located at 1227 Veterans Memorial Blvd. in Kenner, Louisiana. The plaintiffs did not introduce any evidence at the hearing on the rule to evict. Consequently, we conclude that the trial court legally erred by granting the judgment of eviction and reverse the judgment.

*Factual Background and Procedural History*

On July 17, 2024, Joseph J. Bazile, Jr. and Barbara B. Mire (collectively, the "Owners") filed the instant action as a verified rule for eviction in the 24th Judicial District Court for the Parish of Jefferson. The rule sought to evict GSS, VFM, and all "Occupants of 1227 Veterans Memorial Boulevard," from the premises at 1227 Veterans Memorial Blvd. A hearing was scheduled for September 3, 2024.

On the morning of the hearing on September 3, 2024, GSS, individually and on behalf of VFM, filed an answer and exceptions, attaching and adopting by reference their pleadings filed in a previous action among the parties. The district court continued the eviction hearing to November 7, 2024.

On November 5, 2024, GSS and VFM filed a verified answer with affirmative defenses asserting their entitlement to remain in possession of the property.

During oral argument at the hearing on November 7, 2024, the Owners referred to exhibits and argued that they were entitled to evict GSS and VFM. But they did not introduce the exhibits into evidence or present any witness testimony.

The trial court took the matter under advisement following the hearing. The next day, on November 8, 2024, the trial court entered judgment and granted the eviction. No written reasons were provided.

*Law and Analysis*

GSS and VFM argue that the trial court erred in granting the rule for eviction in favor of the Owners because the Owners did not present any testimony or evidence at the eviction trial. They contend that the trial court improperly relied solely on the pleadings and arguments of counsel, which do not constitute evidence. GSS and VFM argue that the trial court's decision was a legal error that tainted the fact-finding process, such that this Court should apply a *de novo* standard of review.

The Owners argue that the eviction of GSS, VFM, and other occupants of the property, which they refer to as the "Holdovers," was justified due to the termination of the primary lease and sublease by a federal bankruptcy court order. The Owners assert that the Holdovers have no legal right to remain on the property as the leases were terminated during the bankruptcy proceedings of Mountain Express Oil Company ("MEX"), which was the primary tenant. They assert that the Holdovers have been operating without a valid lease, violating local and state laws, and not paying rent since August 2023.

Generally, an appellate court reviews the factual findings of a lower court in an eviction matter under the manifest error or clearly wrong standard of review. *Marlies Margot Cernicek Irrevocable Living Tr. v. Becnel*, 22-62 (La. App. 5 Cir. 11/16/22), 353 So.3d 950, 953. However, when legal error interdicts the fact-finding process, the manifest error standard is no longer applicable and the appellate court should make its own independent *de novo* review of the record. *Gonzalez v. Wricks*, 23-298 (La. App. 5 Cir. 5/8/24), 389 So.3d 218, 225–26.

In an eviction proceeding against an occupant, the petitioner is required to make a *prima facie* showing of title to the property, prove that the defendant is an occupant as defined in La. C.C.P. art. 4704, and show that the purpose of the

occupancy has ceased. *Marlies Margot Cernicek Irrevocable Living Tr.*, 353 So.3d at 953.

Applying a *de novo* standard of review of the record, we conclude that the trial court erred as a matter of law by granting an eviction without taking any evidence, without the introduction of any exhibits, or without placing any witnesses under oath. *See Kenneth & Allicen Caluda Realty Tr. v. Fifth Bus. L.L.C.*, 06-608 (La. App. 5 Cir. 12/27/06), 948 So.2d 1137, 1138 (holding the trial court erred as a matter of law by granting an eviction without taking any evidence). The arguments of counsel in appellate briefs and references to facts and issues not currently before the court are not evidence. *Keiger v. NGM Ins. Co.*, 24-94 (La. App. 5 Cir. 10/30/24), 398 So.3d 1227, 1229. Because the Owners did not introduce any evidence in support of their rule for eviction, they did not prove a *prima facie* case for eviction, and, therefore, the trial court erred.

Alternatively, the Owners argue that this Court can take judicial notice of the ownership documents, the recorded lease, and the federal bankruptcy court order, which support their claim for eviction. Specifically, the Owners argue that this Court can take judicial notice of ownership documents that are filed with the Jefferson Parish Clerk of Court, including an *Extract of Judgment of Possession* and a lease recorded in the public records. The Owners submit that this Court can take judicial notice of the Assessor's website, which also reveals ownership. The Owners further argue that this Court may take judicial notice of a bankruptcy court order filed into the MEX bankruptcy case, which can be accessed on a government website and requires the tenants to immediately turn over the property to the Owners.

Judicial notice in Louisiana is governed by La. C.E. arts. 201 and 202. La. C.E. art. 201(B), involving judicial notice of adjudicative facts, provides:

**B. Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either:

(1) Generally known within the territorial jurisdiction of the trial court; or

(2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Many of the documents that the Owners refer to are attached as exhibits to pleadings that were filed in the district court. In *Bufkin v. Motwani*, 23-412 (La. App. 5 Cir. 3/27/24), 385 So.3d 368, 370-71, a commercial lease, a petition, pleadings from another case, judgments, and a notice of lease termination were attached to a memorandum in support of exceptions, but were not formally admitted into evidence. This Court held that these "are not the type of matters of which the trial court could take judicial notice thereof pursuant to La. C.E. art. 201 (pertaining to judicial notice of adjudicative facts generally), and La. C.E. art. 202 (pertaining to judicial notice of legal matters)." *Bufkin*, 385 So.3d at 372. *See also Dufresne v. Dufresne*, 10-963 (La. App. 5 Cir. 5/10/11), 65 So.3d 749, 753-54 (declaring alleged real estate transactions and values are not matters about which judicial notice may be taken).

As to the Owners' contention that this Court may take judicial notice of a bankruptcy court order, in *Bufkin* we cited the Louisiana First Circuit case of *Shannon v. Vannoy*, 17-1722 (La. App. 1 Cir. 6/1/18), 251 So.3d 442, 450, with approval, which held that "[a]lthough a court may take judicial notice of its own proceedings, Article 202 does not allow, nor has it ever been interpreted to allow, courts to take judicial notice of suit records in other courts. Documentation of other courts' proceedings must be offered into evidence in the usual manner." *Bufkin*, 385 So.3d at 372 n. 6. *See also United Gen. Title Ins. Co. v. Casey Title, Ltd.*, 01-600 (La. App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065 (finding the Court

could not take judicial notice of proceedings in a district court case that had no effect except in the specific case in which the rulings were made).

Attachments to memoranda or briefs are not evidence, are not matters of which judicial notice may be taken, and cannot be considered on appeal unless they were properly introduced and admitted at trial. *Bufkin*, 385 So.3d at 372. An appellate court is precluded from considering evidence that is not part of the record. *United Gen. Title Ins. Co.*, 800 So.2d at 1065. The bankruptcy court order is a court order from the United States Bankruptcy Court for the Southern District of Texas, which is not a proper subject of judicial notice in this proceeding. Similarly, the Jefferson Parish land records and lease, while public, are not "generally known." The district court legally erred by granting the judgment of eviction and considering evidence that was not admitted into the record.

Accordingly, we reverse the November 8, 2024 judgment of the trial court.

**REVERSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 25-CA-76

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
ANDREW T. LILLY (APPELLEE)          GEORGIA N. AINSWORTH (APPELLANT)

**MAILED**
DAVID J. HALPERN (APPELLANT)
ATTORNEY AT LAW
909 POYDRAS STREET
SUITE 3600
NEW ORLEANS, LA 70112