hWALTZER, Judge.

STATEMENT OF THE CASE

Urban Homeowners’ Corporation of New Orleans (UHCNO) on 2 August 1994 brought a rule to evict Thomas Abrams from a home located at 1418 Governor Nieholls Street. On 17 August, Abrams filed a dilatory exception and an exception of no cause of action challenging UHCNO’s right to bring the eviction rule, and an answer to the rule. Following a hearing on the rule, the First City Court rendered a judgment of eviction on 18 August 1994. On 19 August 1994 the First City Court rendered judgment denying Abrams’s dilatory Exception.
On 18 August 1994, Abrams moved for a suspensive appeal, and bond was set at $250.00. On UHCNO’s suggestion that its potential damages arising out of the appeal would be at least $250,000, and possibly more than $1,000,000, the court raised the bond to $10,000. This Court affirmed the judgment of eviction on 16 May 1995 in Urban Homeowners’ Corporation of New Orleans v. Abrams, 94-CA-2135, 654 So.2d 1375 (unpublished opinion), and denied Abrams’s petition for rehearing on 21 July 1995. On 29 June 1995, the First City Court increased the appeal bond to a $40,000 cash or commercial bond. On 3 July 1995 the trial court denied Abrams’ motion to reduce the bond to $10,-000. On UHCNO’s motion, the trial court on 10 July 1995 dismissed Abrams’s suspensive appeal for non-compliance with the judgment increasing the bond. On 13 July 1995, this Court stayed the proceedings below. Abrams applied for supervisory writs to the Louisiana Supreme Court, which denied the application on 27 July 1995.
IgOn 15 August 1995, UHCNO filed a rule to fix the obligations of Abrams and his surety, seeking damages for construction delays in the amount of $18,952.87, to which Abrams responded, pro se, with peremptory exceptions of no right or cause of action and non-joinder of an indispensable party (the City of New Orleans); dilatory exceptions of prematurity, unauthorized use of summary proceeding, vagueness or ambiguity and non-joinder of a necessary party (the City of New Orleans), and declinatory exceptions of insufficient service of process and lack of subject matter jurisdiction in the First City Court. Abrams also filed an answer to UHCNO’s rule. After hearing, the First City Court rendered judgment in favor of UHCNO against Abrams and his wife as surety in the amount of $18,952.87. From this judgment, Abrams appeals. Finding that UHCNO failed to prove any damages caused by breach of the condition of the bond, we reverse the judgment of the trial court.

ANALYSIS

It is clear that UHCNO was unable to commence its renovation of the Governor Nieholls property during the pendency of Abrams’s appeal. Therefore, the appeal bond is available for reimbursement of any actual damages sustained by UHCNO arising out of the appeal. In its reasons for judgment, the trial court concluded that in its opinion UHCNO sustained damages as a result of Abrams’s possession of the premises during the pendency of the appeal, and that UHCNO proved its damages to the satisfaction of the trial court. The trial court did not refer to any specific evidence proving UHC- *675 NO’s damages, and made no finding of fact except the conclusion that UHCNO sustained damages in the amount of $18,952.87 as a result of Abrams’s appeal. Our complete review of the trial ^transcript and exhibits finds no competent evidence upon which to base the trial court’s damage award.
UHCNO called only one witness, Rita Bivins, to testify concerning damages. Bivins testified that she is employed by the City of New Orleans as Executive Administrative Assistant to the Division of Housing, and has served as Treasurer of UHCNO since May, 1994. She testified that UHCNO planned to use the Governor Nicholls property as part of its Treme Villa development, an “educational training facility”. She testified to the existence of a construction contract between UHCNO and Gibbs Construction Company (Gibbs). Her testimony concerning Gibbs’s inability to begin construction on the project and the cause of the delay was properly objected to as hearsay, deriving from what she claims she was told by Gibbs representatives. Gibbs’s bill purportedly representing the costs incident to a delay from 1 May 1995 through 31 July 1995 allegedly caused by Abrams’s appeal was properly objected to as hearsay, and was unsupported by testimony from a Gibbs representative. Labor charges for workers allegedly unable to work because of the delay totalled $17,-348.42. The balance of the $18,952.87 claimed by UHCNO represented $1416.80 in alleged increased materials cost and $187.65 for an alleged increase in bond premium. The bill was addressed to Williams & Associates Architects and is referenced to “Villa Meilleur for the Treme Historical Educational Network”. The bill was purportedly signed by the Gibbs project manager, but there was no evidence that the bill was paid by the architectural firm, by UHCNO or by any person. Bivins admitted that she had no evidence that the bill was paid. No representative of Gibbs testified to the correctness, payment or relevance of these sums. UHCNO relied on a supporting affidavit by Gibbs’s project manager, but the affidavit was not introduced into Uevidence. Indeed, had it been offered it would have been inadmissible as hearsay since the manager was not made available for cross-examination.
The copy of the construction contract provided to Abrams in response to a public records request contained no provision making the owner liable to Gibbs for costs caused by construction delays. According to the contract, it was Gibbs’s obligation to reimburse to UHCNO any delay costs incurred.
UHCNO failed to call the project manager or any other representative of Gibbs or of the architectural firm to testify to the alleged existence or cause of the construction delay or the amount of damages, if any, attributable to Abrams’s appeal of his eviction. Without a contractual starting date, it is impossible to determine the extent of the “delay” caused by Abrams’s appeal. Bivins testified that she did not know whether any written or verbal notice to proceed was issued in accordance with the contract. UHC-NO offered no explanation of the City’s building permit for the project which Abrams contends was not issued until 19 June 1995, or 50 days after the commencement of the 92 day delay period claimed in Gibbs’s purported “bill.” Bivins also admitted that she had no direct knowledge of whether Gibbs had incurred any costs as a result of the appeal.
In reviewing the factual findings of a trial court, an appellate court is generally limited to a determination of manifest error. Hill v. Morehouse Parish Police Jury, 95-1100 (La.1/16/96), p. 4, 666 So.2d 612, 614. We find that there is no competent evidence of damage to UHCNO and that the trial court erroneously based its award of $18,-952.87 in damages on inadmissible hearsay. Where, as in the present case, trial court legal errors have tainted the fact finding process, the verdict below is not reviewed under the manifest error standard and, if the record is complete, the appellate court may make a de novo review of the | ¿record and determine the preponderance of the evidence. Rosell v. ESCO, 549 So.2d 840 at 844 fn. 2 (La.1989); Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
The trial court erred as a matter of law in admitting Bivens’s hearsay testimony and the “bill” directed by Gibbs to the project architect. Our review of the record as a whole convinces us that Bivins produced no *676 direct evidence to establish when the contractor was contractually obliged to have begun work on the project or the amount of damages, if any, incurred by UHCNO as a result of the alleged delay.

CONCLUSION

The judgment of the First City Court awarding damages in the amount of $18,-952.87 to Urban Homeowners Corporation of New Orleans is vacated and the petition of Urban Homeowners Corporation of New Orleans against Thomas Abrams is dismissed. All costs of proceedings are assessed against Urban Homeowners Corporation of New Orleans.

REVERSED AND RENDERED. COSTS ASSESSED AGAINST APPELLEE.

LANDRIEU, J., dissents.
hLANDRIEU, Judge, dissenting.
La.Code Civ. Proc. art. 4735 provides:
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.
Neither Article 4735 and its Comments, nor the jurisprudence addresses the type of “damage” against which an appellee is protected. Nevertheless, according to Article 4735, a suspensive appeal is an exception to the rule in eviction cases. Because the statute discusses the amount of the appeal bond as “sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal,” without in any way limiting or defining such damage, I believe the legislature intended to allow the trial judge to decide, based on the facts of each case, what “damage” meant. Therefore, if, in this ease, UHCNO proved that it was charged for costs associated with a three month delay in renovation, it was within the trial judge’s discretion to find that UHCNO sustained “damage” as a result of Abrams’s suspensive appeal.
At the hearing, Ms. Bivins testified about the existence of a construction contact between Gibbs Construction Company and UHCNO dated March 30, 1995. She testified that the parties had agreed to start construction at 1418 Governor Nicholls on May 1, 1995, after repeatedly receiving assurances from Abrams that he and his family would be off of the property by that time. She further testified |2that UHCNO was billed for $18,952.87 due to costs associated with the delay from May 1 to July 31 in the start-up of the construction project and that the majority of the costs were labor charges attributable to the superintendent and the project manager not working, yet being unable to work on another project.
Abrams’s arguments, such as his argument about the building permit for the renovation, neither contradicted the evidence presented by UHCNO, nor were they germane to the existence of and assessment of costs to UHC-NO for construction delays. Likewise, whether Gibbs incurred any costs as a result of Abrams’s appeal is of no importance to a determination of whether UHCNO was damaged.
In my opinion, it was within the trial court’s discretion to determine the scope of “damage” within Article 4735, and the evidence presented at the hearing reasonably supported the finding that UHCNO had sustained damage in the amount of $18,952.87 as a result of Abrams’s possession of the premises during the pendency of his appeal.