JOY COSSICH LOBRANO, Judge.
| defendant, Keyimi King, suspensively appealed the August 9, 2012 First City Court judgment in favor of the plaintiff, Housing Authority of New Orleans (“HANO”), ordering the eviction of Ms. King from the premises located at 1114 North Rocheblave Street.
On July 6, 2012, HANO filed a Rule for Possession of Premises asking that Ms. King be evicted from the premises at 1114 North Rocheblave Street. The eviction request was based on HANO’s allegation that Ms. King violated the “One Strike Policy” due to the commission of criminal activity, including being arrested for interfering with a police investigation, battery on a police officer, resisting arrest and threats on an officer. In the Notice to Vacate sent to Ms. King by HANO on June 22, 2012, HANO referred to Ms. King’s arrest on the above-stated charges on May 4, 2012. HANO stated in this *841 notice that the criminal activity of Ms. King on May 4, 2012 was a violation of her lease agreement. The notice stated that “HANO has adopted a ‘One Strike and You’re Out’ policy which means |2that in addition to the reasons for termination contained in Paragraph IX of the Residential Lease Agreement, HANO may terminate the Lease for the following:
Any criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises or other residents; Any drug-related criminal activity on or off the premises; Any pattern of alcohol abuse by any resident, member, or guest that threatens the health safety, or right to peaceful enjoyment of the premises or other residents. 24 Code of Federal Regulations 966.4.”
The notice directed Ms. King to vacate the premises within ten days, or HANO would file for an eviction proceeding in First City Court. The record includes a copy of HANO’s lease with Ms. King, although the lease was not introduced at the trial on the eviction. The pertinent language in Section IX of the lease, while not identical to the Code of Federal Regulations section cited in the Notice to Vacate, is similar to that language and states that a resident has an obligation:
(£)To assure that no Resident, any member of the household, or guest, engages in:
(1) Any criminal [activity] including, but not limited to[:] the possession of drugs, the possession with intent to distribute drugs and/or the manufacturing of drugs as defined in Section 102 of the Controlled Substance Act, crimes of violence against persons and/or property committed on or off the residence.
[[Image here]]
(n) To assure that no other person under the Resident’s control engages in:
—Any criminal activity that threatens the health, safety or right to peaceful enjoyment of the residence by other residents;
Is — Any drug-related criminal activity on the residence.
In her answer to the Rule for Possession of Premises, Ms. King noted that on May 7, 2012, she pled not guilty to the charges against her. She also stated that the incident that led to her arrest took place on the corner of Bienville and Crozat Streets, approximately two miles away from her apartment on North Rocheblave Street. The police report of the May 4, 2012 incident is in the record, although it was not introduced at the eviction proceeding.
Ms. King’s answer also alleged that her actions during the incident in question were in response to an illegal and unconstitutional search of a vehicle by a police officer. Ms. King also urged several other reasons why the trial court should exercise its discretion to not terminate her lease.
At the eviction proceeding, HANO presented no testimony or documentary evidence. Oral argument of counsel was presented to the trial court, after which the court ordered that the Rule for Possession of Premises be made absolute, and ordered the eviction of Ms. King. Prior to that ruling, the trial court stated her finding that Ms. King’s arrest on the above-stated criminal charges warranted her eviction under her HANO lease, regardless of the ultimate outcome of those charges.[1] After issuing her ruling, the trial court allowed *842 Ms. King to proffer her testimony and the testimony of her sister who was with her on the night of the incident leading to criminal charges against Ms. King. Ms. King’s proffered testimony indicated that the seatbelt infraction that led to the traffic stop prior to 14her arrest occurred as she and her sister drove through the Iber-ville Housing Development.
A judgment of eviction must be reversed when the lessor fails to prove the legal ground upon which the lessee should be evicted. Kenneth and Allicen Caluda Realty v. Fifth Business, L.L.C, 06-608, p. 4 (La.App. 5 Cir. 12/27/06), 948 So.2d 1137, 1138. In Interstate Realty Management Company v. Price, 11-1131, p. 8 (La.App. 4 Cir. 3/7/12), 86 So.3d 798, 803, writ denied, 12-762 (La.5/18/12), 89 So.3d 1196, this Court referred to the “One Strike Policy” in a lease agreement for a subsidized public housing complex, and affirmed a judgment of eviction, finding that “[a] review of the record demonstrates that sufficient evidence was presented to the trial court to establish that Appellants violated numerous terms of the lease agreement, particularly the provision which provided that residents must ensure that no person under a resident’s control may engage in ‘[a]ny criminal activity that threatens the health, safety or right to peaceful enjoyment of the residence by other residents.’ ” (emphasis added.) See also River Garden Apartments v. Robinson, 12-938 (La.App. 4 Cir. 1/23/13), 108 So.3d 352.
As stated above, HANO offered no testimony or documentary evidence at the eviction proceeding. HANO offered argument of counsel only. Argument of counsel, no matter how artful, is not evidence. Houston v. Chargois, 98-1979 (La.App. 4 Cir. 2/24/99), 732 So.2d 71, 73. Although the record in this case includes the lease agreement and the police report involving the incident that led to Ms. King’s arrest on May 4, 2012, HANO did not attempt to introduce either item |fiat trial. The police report alone, without proper authentication, would have constituted inadmissible hearsay. See La. C.E. article 803(8)(b)(i). Despite the fact that the police report was not properly authenticated or introduced into evidence, the transcript of the eviction trial shows that the trial court relied on it in her decision to order the eviction of Ms. King. It was legal error for the trial court to do so.
Where legal errors of the trial court have tainted the fact finding process, the verdict below is not reviewed under the manifest error standard and, if the record is complete, the appellate court may make a de novo review of the record and determine the preponderance of the evidence. Urban Homeowners’ Corp. v. Abrams, 96-1237, pp. 4-5 (La.App. 4 Cir. 3/26/97), 692 So.2d 673, 675 (trial court erroneously based its award of damages on inadmissible hearsay). After review of the record, we conclude that HANO did not carry its burden of proving that Ms. King’s actions were in violation of her lease agreement by a preponderance of the evidence. Therefore, we find that the trial court erred in granting the Rule of Possession of Premises and ordering the eviction of Ms. King.
For the reasons stated above, the trial court judgment of August 9, 2012 is hereby reversed.
REVERSED

. Trial on the criminal charges against Ms. King had not yet occurred when the eviction proceeding was held.