JOANN PLACE          *       NO. 2022-CA-0456

VERSUS           *

MELBA RICARD        *      COURT OF APPEAL

                      FOURTH CIRCUIT

                   *                      

                      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
SECOND CITY COURT OF NEW ORLEANS
NO. 2022-00131, "D"
Honorable Nadine Ramsey, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Dale N. Atkins)

Angel Varnado
STEPHENSON, CHAVARRI AND DAWSON
400 Poydras Street, Suite 1990
New Orleans, LA 70112


     COUNSEL FOR PLAINTIFF/APPELLEE, JoAnn Place


Kevin Walters
David H. Williams
SOUTHEAST LOUISIANA LEGAL SERVICES
1340 Poydras Street, Suite 600
New Orleans, LA 70112


     COUNSEL FOR DEFENDANT/APPELLANT, Melba Ricard

                **VACATED; JUDGMENT RENDERED; REVERSED**
                              **December 27, 2022**

This is an eviction case. Defendant-appellant, Melba Ricard ("Ms. Ricard"), appeals the February 24, 2022 judgment of the Second City Court for the Parish of Orleans ("Second City Court") in favor of plaintiff-appellee, JoAnn Place, and ordering the eviction of Ms. Ricard from her apartment on the premises located at 1913 JoAnn Place. For the following reasons, we vacate, render judgment, and reverse.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following recitation of facts is undisputed by Appellant, Ms. Ricard, and by Appellee, JoAnn Place.[1] Ms. Ricard, an indigent tenant with a panic disorder, depression, and other physical and mental disabilities, is a participant in the Section 8 Housing Choice Voucher Program ("Program"), which provides subsidized leased housing for low-income families. The U.S. Department of Housing and Urban Development funds the Program, and the Housing Authority of New Orleans administers the Program in Orleans Parish. Ms. Ricard initially leased her government-subsidized apartment at 1913 JoAnn Place sixteen years

---

[1] In its Appellee Brief to this Court, JoAnn Place stated that "Appellee agrees with Appellant's Statement of Facts and incorporates and repeats the same . . ."

1

ago, and she has resided there ever since. Management of the apartments "recently"[2] changed from Latter & Blum to Summit Apartment Management ("Summit").

***JoAnn Place's February 1, 2022 Rule for Possession***

On February 1, 2022, Ms. Angela Jenkins ("Ms. Jenkins") of Summit filed with Second City Court a Rule for Possession of Premises ("Rule for Possession"), which sought to evict Ms. Ricard from the apartment she rented at 1913 JoAnn Place. The Rule for Possession alleged lease violations on five dates.[3] Attached to the Rule for Possession in the record before this Court are five exhibits.[4] Each is discussed in turn.

Attached to the Rule for Possession as Exhibit A is a December 6, 2021 letter to Ms. Ricard, notifying her that JoAnn Place had recorded a violation of her lease and labeling the violation as "[i]nappropriate verbal abuse to management/maintenance staff." The comments section of the letter recounted an alleged November 2, 2021 incident between Ms. Ricard and a Summit manager. The December 6, 2021 letter also stated "because this [was Ms. Ricard's] third violation, this notice serve[d] as her 30-day notice to vacate as per [the] lease agreement." In sum, it provided that Ms. Ricard's lease would not be renewed due

---

[2] In their briefs, neither Appellant nor Appellee gives an exact date when Summit took over management of JoAnn Place. According to a statement by counsel for Ms. Ricard at the February 24, 2022 hearing, which is discussed in more detail throughout this Opinion, Summit took over in April 2021.

[3] The Rule for Possession listed the dates of the alleged violations as December 6, 2021; November 17, 2021; November 2, 2021; June 9, 2021; and March 17, 2008.

[4] As discussed more fully throughout this Opinion, Ms. Ricard does not dispute that she received the Rule for Possession. However, she contends that the copy of the Rule for Possession she received did not have any exhibits.

to the lease violations and that she needed to vacate her apartment by the lease expiration date, January 31, 2022.

Exhibit B to the Rule for Possession contains a November 17, 2021 letter, as well as a November 15, 2021 email from another tenant of JoAnn Place to Charlene Degruy of Summit. In the November 15, 2021 email, the tenant complained that Ms. Ricard or her company had blocked the other tenant's driveway the day prior and asked what could be done to stop Ms. Ricard from blocking the driveway again. The November 17, 2021 letter was addressed to Ms. Ricard and stated that management had received a written complaint that Ms. Ricard and/or her guest parked vehicles across her neighbor's driveway. The letter asked Ms. Ricard to refrain from blocking any driveways.

Attached to the Rule for Possession as Exhibit C is a November 2, 2021 letter addressed to Ms. Ricard, notifying her that JoAnn Place had recorded a violation of her lease and labeling the violation as "[i]nappropriate verbal abuse to management/maintenance staff." The comments section of the letter recounted an alleged November 1, 2021 incident between Ms. Ricard and a Summit manager. The November 2, 2021 letter also stated that the incident constituted "a direct violation of [Ms. Ricard's] lease agreement with JoAnn Place . . . . [a]s stated in [the] lease agreement, page 4, section 'Other violations and Nuisance.'" Further, the November 2, 2021 letter concluded that any similar occurrences in the future would result in a notice to vacate.

JoAnn Place attached a work order and a June 9, 2021 letter addressed to Ms. Ricard as Exhibit D. The June 9, 2021 letter notified Ms. Ricard of a recorded lease violation; labeled the violation as "[d]enied entry to maintenance;" and

3

recounted an alleged, June 8, 2021 incident between Ms. Ricard and a member of the maintenance staff for JoAnn Place.

Lastly, as Exhibit E to the Rule for Possession, JoAnn Place attached a March 26, 2008 letter from another JoAnn Place tenant, which recounted an alleged incident on December 1, 2007, between Ms. Ricard and someone in the other tenant's apartment. Also included as part of Exhibit E were a City of New Orleans Municipal Court "Summons" to Ms. Ricard regarding the alleged December 1, 2007 incident and a March 17, 2008 "Addendum," which stated "Found Guilty."

Second City Court set the hearing on the Rule for Possession for February 24, 2022.

### *Ms. Ricard's February 24, 2022 Exceptions, Answer, and Affirmative Defenses*

On the morning of February 24, 2022, prior to the hearing on the Rule for Possession, Ms. Ricard filed a document entitled "Exceptions, Answer and Affirmative Defenses to Rule for Possession of Premises" (collectively "Exceptions, Answer, and Affirmative Defenses"). Therein, Ms. Ricard "plead[ed] the exception of prematurity because the Rule for Possession she received [did] not contain attached documentation that would allow her to adequately prepare a defense." In particular, she contended that the Rule for Possession did not state the alleged lease violations with sufficient specificity: rather, "[JoAnn Place] stated on the Rule for Possession that [Ms. Ricard] has violated the lease agreement on several occasions, 'see attached,' and states five dates of alleged violations with references to accompanying exhibits. However, the Rule for Possession served upon [Ms. Ricard] [did] not contain any attached exhibits."

4

The "Answer" portion of the pleading admitted that Ms. Ricard was domiciled at 1913 JoAnn Place but denied every other allegation in the Rule for Possession.

In the "Affirmative Defenses" section, Ms. Ricard asserted that "[t]he alleged lease violation [was] related to [her] physical or mental disability and" that "she [was] entitled to a reasonable accommodation from her landlord and [Second City] Court." Further, Ms. Ricard contended that JoAnn Place had filed the Rule for Possession "in retaliation against [her] for exercising her legal right to require 24[-]hour advance notice before management may enter [her] apartment."[5] She argued that "a suit against a party in retaliation for their exercise of a legal right is barred by the doctrine of unclean hands . . . ." Finally, and "in the alternative," Ms. Ricard asserted that "any violation [was] immaterial, and the circumstances [were] such that [Second City] Court, properly exercising judicial control, should not terminate her lease."

***February 24, 2022 Hearing and Judgment***

Present at the February 24, 2022 hearing on the Rule for Possession were Ms. Jenkins, representing JoAnn Place as "agent for the owner;" Ms. Ricard; and Ms. Ricard's counsel, Kevin Walters ("Mr. Walters"). Because Ms. Ricard filed her Exceptions, Answer, and Affirmative Defenses shortly before the hearing, Second City Court granted a short recess to allow Ms. Jenkins to review the pleadings in full and to discuss them with Mr. Walters. Thereafter, when the hearing resumed, Ms. Jenkins attempted to introduce a "notarized statement in a

---

[5] In her Appellant Brief to this Court, Ms. Ricard states that "[t]he landlord's failing to [provide 24-hour advance notice before management entered her apartment] had precipitated heated exchanges after triggering Ms. Ricard's mental anxieties related to her known disabilities."

sealed envelope" ("notarized statement") from the owner of JoAnn Place; however, counsel for Ms. Ricard requested that Second City Court hear Ms. Ricard's Exceptions and Affirmative Defenses prior to discussion of the merits of the case. Second City Court stated that it would do so and deferred further discussion of the notarized statement.

Mr. Walters began with the "exception of prematurity," which he stated "could also be considered as a motion to continue."[6] He reiterated that the Rule for Possession was insufficient because it referenced exhibits that purportedly demonstrated violations of the lease by Ms. Ricard on five occasions but these exhibits were not attached to the Rule for Possession that Ms. Ricard received. Ms. Jenkins responded, "the attachments were submitted at the time [JoAnn Place] filed the [Rule for Possession]," such that she was "not sure why [they were not] served."

---

[6] We note that in referring to this exception, Ms. Ricard uses "prematurity" and "vagueness" interchangeably throughout her Appellant Brief and that Mr. Walters also described it as a "motion to continue" at the February 24, 2022 hearing. However, as this Court has previously held, the substance of a pleading governs, not the title provided by the party:

> "The caption, or heading, of the pleading does not control and the court is obligated to ascertain the substance of the pleading." *Bellsouth Telecomm[.], Inc. v. Ferguson*, 42,742, p. 2 (La. App. 2 Cir. 1/16/08), 974 So.2d 790, 792. "Our courts look beyond the caption, style, and form of pleadings to determine from the substance of the pleading the nature of the proceeding; thus, a pleading is construed for what it really is, not what it is erroneously called." *Rochon v. Young*, [20]08-1349, p. 3 (La. App. 1 Cir. 2/13/09), 6 So.3d 890, 892. In other words, just because [one] calls his [or her] pleading a petition for intervention, it does not make it one. A court must determine what a pleading truly is and not what it purports to be.

*Theodore v. Johnson*, 2021-0668, p. 3 (La. App. 4 Cir. 3/30/22), ___ So.3d ___, ___, 2022 WL 962584, at *2.

Additionally, Ms. Jenkins stated that Ms. Ricard's lease had since expired on January 31, 2022, whereupon the following discussion occurred:

MS. JENKINS:
No, ma'am. And the other issue. Your Honor, is that the lease is expired.

THE COURT:
Okay. I [do not] see that checked on here, but when did the lease expire?

MS. JENKINS:
It expired on January the 31st.

MR. WALTERS:
Just very briefly if I may respond to that, Your Honor, as you just stated, Your Honor, [it is] not listed on the petition, but in addition to that, the lease states that this is a [Low-Income Housing Tax Credit ("LIHTC")] property and a no cause lease expiration eviction is not allowed for a LIHTC property. It has to be for cause.

MS. JENKINS:
On the 30-day notice that we issued, it does say cause.

MR. WALTERS:
Right. So that would get back into the issues before the Court today on which [we are] requesting this matter be postponed.

Second City Court overruled Ms. Ricard's Exception and provided the following explanation:

THE COURT:
I think there was adequate documentation on the listing of the rules --[I am] sorry-- the violations . . .

. . . .

THE COURT:
And regarding the end of the lease, the notice was given and the lease has expired.

Thereafter, the Second City Court Judge asked to see the notarized statement from the owner of JoAnn Place. Mr. Walters objected to the letter as hearsay and to his

7

inability to review the notarized statement before Second City Court did so; but Second City Court overruled the objection.[7]

After overruling Mr. Walters' hearsay objection, the Second City Court Judge stated that "[h]aving overruled the exceptions in this matter, the Court is going to allow the defendant, Melba Ricard, until March 10th to vacate the premises." Subsequently, the following colloquy occurred:

> MR. WALTERS:
> Your Honor, we would request to review each of our affirmative defenses, which were filed this morning. In addition, no evidence has been stated on the record indicating any of the lease violations alleged. . . .[I]t [should] be required to put on the case with any evidence to the effect that any of these verbal confrontations occurred . . . .
>
> . . . .
>
> MS. JENKINS:
> I mean, these violations do stand, Your Honor, and the owner would like possession of her property. And [Ms. Ricard's] lease is expired.
>
> THE COURT:
> Okay. The tenant will have until March --
>
> . . . .
>
> THE COURT:
> -- March 10th.
>
> MR. WALTERS:
> -- would like to make a proffer of additional evidence --
>
> THE COURT:
> Sir, I ruled and I gave you adequate opportunity to put everything on the record.

---

[7] The transcript of the February 24, 2022 hearing provides that the Second City Court Judge stated that "[the notarized statement] needs to be given to [the court reporter] to be made a part of the record." However, the record before this Court does not contain the notarized statement.

Second City Court then permitted Mr. Walters to put forth Ms. Ricard's argument and evidence via proffer prior to the conclusion of the hearing.[8]

Second City Court also signed a judgment on February 24, 2022, ordering Ms. Ricard to vacate her apartment by March 10, 2022 per the oral ruling. Ms. Ricard timely filed a Motion for Suspensive Appeal on the same day of Second City Court's Judgment.[9]

## ASSIGNMENTS OF ERROR

On appeal, Ms. Ricard asserts three assignments of error:

I.    Second City Court erred as a matter of law in rendering judgment without allowing the defending tenant to present a defense.

II.    Second City Court erred as a matter of law to the extent that it evicted based on lease expiration, since the issue was not on the Rule for Possession, the lease was not in evidence, and good cause is required to non-renew Low Income Housing Tax Credit leases.

III.    Second City Court erred as a matter of law in finding that Jo Ann Place met its burden to establish a lease violation when it offered only an out of court statement by its "owner," which was not subject to cross-examination, with no excuse for not calling a witness under its control, and for which a foundation was not even laid, over the objection of counsel.

---

[8] Mr. Walters explained in the proffer that Ms. Ricard would have called as witnesses herself and her daughter regarding the alleged lease violations. Additionally, he stated that Ms. Ricard would have called a character witness. Mr. Walters also provided that Ms. Ricard would have called two witnesses concerning her unclean hands affirmative defense. He further stated that he and Ms. Ricard "were prepared to provide testimony on the lack of police reports or any sort of documentation regarding any of these confrontations."

[9] Louisiana Code of Civil Procedure Article 4735 states:

An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction.

Before addressing the merits, we discuss the standard of review applicable in eviction matters.

## STANDARD OF REVIEW

In an eviction proceeding, the appellate court reviews the trial court's factual findings for manifest error. *235 Holdings, LLC v. 235 Enters., LLC*, 2020-0658, p. 5 (La. App. 4 Cir. 12/15/21), 334 So.3d 862, 866 (citing *Armstrong Airport Concessions v. K-Squared Rest., LLC*, 2015-0375, p. 9 (La. App. 4 Cir. 10/28/15), 178 So.3d 1094, 1100). Under this standard of review, an appellate court "must . . . find from the record that there is a reasonable factual basis for the [trial] court's findings of fact[,]" and "the record must establish that the [trial] court's findings are not manifestly erroneous or clearly wrong." *Guste Homes Resident Mgmt. Corp. v. Thomas*, 2020-0110, p. 8 (La. App. 4 Cir. 7/29/20), 302 So.3d 1181, 1187 (citing *Mazzini v. Strathman*, 2013-0555, p. 4 (La. App. 4 Cir. 4/16/14), 140 So.3d 253, 256). "Factual findings should not be reversed on appeal absent manifest error." *Id.* (quoting *Mazzini*, 2013-0555, p. 4, 140 So.3d at 256). "Where legal errors of the trial court have tainted the fact finding process" though, "the verdict below is not reviewed under the manifest error standard and, if the record is complete, the appellate court may make a *de novo* review of the record and determine the preponderance of the evidence." *Id.* at pp. 8-9, 302 So.3d at 1187 (quoting *Hous. Auth. of New Orleans v. King*, 2012-1372, p. 5 (La. App. 4 Cir. 6/12/13), 119 So.3d 839, 842).

The appellate court also reviews an eviction matter *de novo* if the appeal presents a purely legal question. *235 Holdings, LLC*, p. 5, 334 So.3d at 867 (citing *Armstrong*, 2015-0375, p. 9, 178 So.3d at 1101). Additionally, in an eviction proceeding, "when there is no dispute as to the dispositive facts, the issue can be

decided as a matter of law and the review is *de novo*." *Affordable Care, LLC v. Martin*, 54,286, p. 14 (La. App. 2 Cir. 4/13/22), 337 So.3d 615, 623 (citing *Armstrong*, 2015-0375, pp. 9-10, 178 So.3d at 1101).

## DISCUSSION

### *PRINCIPLES APPLICABLE TO EVICTION PROCEEDINGS*

"The provisions of La. C.C.P. arts. 4701, *et seq.*, provide a summary process for eviction of a lessee by a lessor because the lease has ended due to expiration of its term or for other lawful cause." *Affordable Care,* 54,286, pp. 7-8, 337 So.3d at 621 (citing *Monroe Hous. Auth. v. Coleman*, 46,307, p. 2 (La. App. 2 Cir. 5/25/11), 70 So. 3d 871, 873; *Williams v. Bass*, 37,156, p. 4 (La. App. 2 Cir. 5/14/03), 847 So.2d 80, 82). Because an eviction can proceed via expedited process, "procedural protections must be strictly adhered to prior to an eviction to protect the rights of . . . a tenant . . . ." *Housing Auth. of New Orleans v. Haynes*, 2014-1349, p. 24 (La. App. 4 Cir. 5/13/15), 172 So.3d 91, 104. In the Rule for Possession and at the trial of the matter:

> At a bare minimum, and generally, the petition or rule for possession of premises should show the following:
>
> . . . .
>
> (5)    An allegation that the five-day notice to vacate has been given and how same was give[n]. (Ideally, a copy of the five-day notice should be attached to the petition or rule.) *Id.*
>
> (6)    If a written lease exists, a copy thereof and all amendments thereto should be attached to the petition or rule.
>
> . . . .
>
> At some point during the trial of the rule or petition for possession, the owner/lessor/landlord or his agent shall testify in person (or by sworn deposition at which the defendant or his agent

> was present, but not by affidavit unless a law so authorizes), attesting to each of the facts as alleged in the petition and affirmatively state in the trial that the owner/lessor/landlord wants the return of the premises to him.
>
> If the petition or rule for possession and the evidence at the trial conforms to the foregoing, then the plaintiff makes out a prima facie case.

*Id.* at p. 24, 172 So.3d at 104-05 (Tobias, J., concurring).

"[S]uperimposed on [Louisiana's eviction] procedures are the rules of evidence contained primarily in the Louisiana Code of Evidence. No 'relaxed' or simplified rules of evidence apply to eviction proceedings." *Id.* at p. 24, 172 So.3d at 104 (Tobias, J., concurring). Further, the "[a]rgument of counsel, no matter how artful, is not evidence." *King*, 2012-1372, p. 4, 119 So.3d at 842 (citing *Houston v. Chargois*, 1998-1979, p. 3 (La. App. 4 Cir. 2/24/99), 732 So.2d 71, 73).

Thereafter, if the matter proceeds to the appellate level, "[t]his Court is a court of record and can only review what is contained in the record on review." *NOLA 180 v. Harrah's Operating Co.*, 2012-0072, p. 3 (La. App. 4 Cir. 5/16/12), 94 So.3d 886, 888 (citing *Mobile-One Auto Sound, Inc. v. Whitney Nat'l Bank*, 2011-0535, p. 12 (La. App. 4 Cir. 11/9/11), 78 So.3d 807, 815). Thus, "[a]ppellate courts . . . may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88-89 (citing La. C.C.P. art. 2164 (which states in pertinent part, that "the appellate court shall render any judgment which is just, legal and proper *upon the record on appeal*" (emphasis added)); *Gallagher v. Gallagher*, 248 La. 621, 628, 181 So.2d 47, 49 (1965); *Bullock v. Commercial Union Ins. Co.*, 397 So.2d 13, 15 (La. App. 3rd Cir. 1981); *Holmes v. St. Charles Gen. Hosp.*, 465 So.2d 117, 122 (La. App. 4th Cir.1985) (on rehearing); *B.W.S., Jr. v. Livingston Par. Sch. Bd.*,

2006-1981, p. 2 (La. 8/16/06), 936 So.2d 181, 182). "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Kimball v. Kamenitz*, 2021-0101, p. 22 (La. App. 4 Cir. 10/26/21), 331 So.3d 474, 489 (quoting *Felix v. Safeway Ins. Co.*, 2015-0701, p. 7 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 632).

Finding their resolution dispositive, we discuss Ms. Ricard's second and third assignments of error, respectively.

### *ASSIGNMENT OF ERROR NUMBER 2: LACK OF NOTICE—LEASE EXPIRATION*

In her second assignment of error, Ms. Ricard asserts that "Second City Court erred as a matter of law to the extent that it evicted based on lease expiration, since the issue was not on the Rule for Possession, the lease was not in evidence, and good cause is required to non-renew [LIHTC] leases." One requirement that protects the tenant in an eviction proceeding is notice. Louisiana Code of Civil Procedure Article 4701 is titled "Termination of lease; notice to vacate; waiver of notice." It provides, in pertinent part:

> When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
>
> If the lease has no definite term, the notice required by law for its termination shall be considered as a notice to vacate under this Article. If the lease has a definite term, notice to vacate may be given not more than thirty days before the expiration of the term.

In discussing La. C.C.P. art. 4701, this Court has held that "*proper* notice to vacate is a prerequisite to filing of the rule for possession . . . ." *Lichtentag v. Burns*, 258

So.2d 211, 213 (La. App. 4th Cir. 1972) (emphasis added). That is, Louisiana's summary eviction procedure "also requires that notice must include the grounds upon which eviction is sought." *Trahan v. 2010 Beglis, L.L.C.*, 2011-0365, p. 6 (La. App. 3 Cir. 12/14/11), 81 So.3d 192, 196 (citing La. C.C.P. 4731(A)). Louisiana Code of Civil Procedure Article 4731(A) states:

> If the lessee or occupant fails to comply with the notice to vacate required under this Title, or if the lessee has waived his right to notice to vacate by written waiver contained in the lease, and has lost his right of occupancy for any reason, the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner. *The rule to show cause shall state the grounds upon which eviction is sought*.

(Emphasis added). In interpreting La. C.C.P. arts. 4701 and 4731(A), this Court has explained that "minimum requirements of due process require notification of the reason for eviction to allow preparation of a defense if any is available." *La. State Museum v. Mayberry*, 348 So.2d 1274, 1276-77 (La. App. 4th Cir. 1977) (wherein this Court affirmed the trial court's denial of the Rule for Possession because the lessor asserted non-payment of rent as the basis for eviction in the lessor's appellant brief but did not provide that as the reason for eviction in either the notice to vacate or the rule for possession).

"The notice to vacate is an essential part of the summary eviction procedure provided for in La. C.C.P. art. 4701. Without this notice, there can be no judgment issued under La. C.C.P. art. 4701." *Kushi Healthcare, L.L.C. v. St. James Behavioral Health Hosp., Inc.*, 2015-0007, p. 9 (La. App. 1 Cir. 6/5/15), 174 So.3d 1192, 1198 (citing *Bowling U.S.A., Inc. v. Genco*, 536 So.2d 814, 816 (La. App. 1st Cir. 1988)).

The burden of proving notice rests with the lessor. *Williams v. Reynolds*, 448 So.2d 845, 847 (La. App. 2nd Cir. 1984). *See also Miller v. White*, 182 La. 837, 840, 162 So. 638, 639 (1935). A judgment of eviction must be reversed if the lessor fails to meet its burden of proof. *Haynes*, 2014-1349, p. 15, 172 So.3d at 99 (citing *King*, 2012-1372, p. 4, 119 So.3d at 842).

In the matter *sub judice*, JoAnn Place did not offer into evidence a notice to vacate asserting lease expiration as a basis for Ms. Ricard's eviction; and JoAnn Place's Rule for Possession does not list lease expiration as a reason for Ms. Ricard's eviction. Instead, the first time JoAnn Place explained that it sought Ms. Ricard's eviction based on expiration of her lease was at the February 24, 2022 hearing. Second City Court recognized this when the Judge stated, "Okay. I [do not] see [lease expiration] checked on [the Rule for Possession]." Nonetheless, the transcript of the February 24, 2022 hearing indicates that the Second City Court Judge relied on lease expiration in her decision to order Ms. Ricard's eviction when she stated, "[a]nd regarding the end of the lease, the notice was given and the lease has expired." We find that Second City Court erred as a matter of law in its February 24, 2022 judgment to the extent that it evicted Ms. Ricard based on expiration of her lease. *See Kushi*, 2015-0007, p. 9, 174 So.3d at 1198.

In light of this error of law, we vacate Second City Court's February 24, 2022 judgment to the extent it evicted Ms. Ricard based on lease expiration and conduct a "*de novo* review of the record and determine the preponderance of the evidence." *Guste*, 2020-0110, pp. 8-9, 302 So.3d at 1187. Again, our review of the record reveals that JoAnn Place did not indicate that it sought to evict Ms. Ricard based on the expiration of her lease until the February 24, 2022 hearing; therefore, we conclude that JoAnn Place failed to meet its burden of proving that it provided

the requisite notice to Ms. Ricard so as to satisfy minimum due process requirements and allow her to prepare a defense for the February 24, 2022 hearing. Because JoAnn Place did not meet its burden of proof regarding notice and "a judgment of eviction must be reversed if the lessor fails to meet its burden of proof" we reverse Second City Court's February 24, 2022 judgment to the extent it evicted Ms. Ricard based on expiration of her lease. *Haynes*, 2014-1349, p. 15, 172 So.3d at 99. Further, we render judgment denying JoAnn Place's Rule for Possession to the extent JoAnn Place sought to evict Ms. Ricard based on lease expiration. Having rendered judgment on this basis, we pretermit discussion of Ms. Ricard's contention that good cause is required to non-renew LIHTC leases.

### ASSIGNMENT OF ERROR NUMBER THREE: FAILURE TO MEET BURDEN TO ESTABLISH LEASE VIOLATIONS

In her third assignment of error, Ms. Ricard contends that "Second City Court erred as a matter of law in finding that Jo Ann Place met its burden to establish a lease violation when it offered only an out of court statement by its 'owner,' which was not subject to cross-examination, with no excuse for not calling a witness under its control, and for which a foundation was not even laid, over the objection of counsel." She also points out in her Appellant Brief that JoAnn Place did not offer her lease into evidence.[10]

When a lessor seeks eviction based on lease violations, another protection for the lessee is that "[t]he lessor has the burden of proving, by a preponderance of the evidence, a valid lease and that the violation of the lease provides sufficient grounds for an eviction." *Artspace Bell Sch. v. Dozier*, 2022-0404, p. 3 (La. App. 4

---

[10] In her Appellant Brief, Ms. Ricard discusses JoAnn Place's failure to attach the lease to the Rule for Possession and to offer the lease into evidence in the context of her second assignment of error, but we find this information pertinent to her third assignment of error too.

Cir. 12/8/22), ___ So.3d ___, ___, 2022 WL 17494773, at *1 (citing *200 Carondelet v. Bickham*, 2017-0328, pp. 4-5 (La. App. 4 Cir. 10/25/17), 316 So.3d 955, 959). Accordingly, this Court has held that a trial court errs as a matter of law "by granting an eviction without taking any evidence, without the introduction of any exhibits, or without placing any witnesses under oath." *Kenneth & Allicen Caluda Realty Trust v. Fifth Bus. L.L.C.*, 2006-0608, p. 3 (La. App. 5 Cir. 12/27/06), 948 So.2d 1137, 1138. If the lease and evidence of any alleged lease violations were not introduced at the eviction hearing yet the trial court relied on these in ordering the eviction of the lessee, then the trial court erred as a matter of law, and the appellate court should vacate the eviction judgment. *See King*, 2012-1372, p. 5, 119 So.3d at 842; *Kimball*, 2021-0101, p. 22, 331 So.3d at 489. An appellate court must reverse a judgment of eviction if the lessor failed to prove the legal ground upon which the lessee should be evicted. *Second Zion Baptist Church #1 v. Jones*, 2017-0926, p. 5 (La. App. 4 Cir. 4/18/18), 245 So.3d 9, 12 (quoting *King*, 2012-1372, p. 4, 119 So.3d at 842). *See also Haynes*, 2014-1349, p. 15, 172 So.2d at 100.

We begin with an axiomatic statement that for a court to be able to determine whether a tenant violated provisions of a lease, the court must be provided with those lease provisions. *See, e.g., Second Zion Baptist Church #1*, 2017-0926, p. 8, 245 So.3d at 13 (wherein this Court quoted from the lease at issue therein and concluded that the lessor had not proven a violation of the lease based on the lease's provision regarding "nuisance"). In the matter *sub judice*, Ms. Ricard correctly observes that JoAnn Place did not offer a copy of Ms. Ricard's lease into evidence, thus precluding an analysis by Second City Court as to whether Ms. Ricard violated particular provisions therein. *See Coleman*, 46,307, p. 3, 70 So.3d

17

at 873 (wherein the Louisiana Second Circuit Court of Appeal affirmed the trial court's denial of an eviction and noted, in part, that "[f]or some unexplained reason, the [lessor] did not offer the lease into evidence").

Moreover, the exhibits attached to JoAnn Place's Rule for Possession merely contain allegations. At the February 24, 2022 hearing, JoAnn Place did not call any witnesses or introduce any documents into evidence to support these allegations. *See PTS Physical Therapy Serv. v. Magnolia Rehab. Serv., Inc.*, 40,558, p. 4 (La. App. 2 Cir. 1/27/06), 920 So.2d 997, 1000. *See also King*, 2012-1372, pp. 4-5, 119 So.3d at 842 (wherein this Court reversed the trial court's judgment granting the eviction and stated, "[a]lthough the record in this case includes the lease agreement and the police report involving the incident that led to [the lessee]'s arrest on May 4, 2012, [the lessor] did not attempt to introduce either item at trial. The police report alone, without proper authentication, would have constituted inadmissible hearsay. *See* La. C.E. article 803(8)(b)(i).")). Again, the transcript of the February 24, 2022 hearing indicates that the Second City Court Judge concluded that JoAnn Place had proven that Ms. Ricard violated the lease when she stated, "I think there was adequate documentation on the listing of the rules --[I am] sorry-- the violations . . . " In so doing, Second City Court erred as a matter of law because without the lease and supporting documents admitted into evidence and without any testimony by witnesses, JoAnn Place had not proven that Ms. Ricard violated her lease.

In light of this error of law, we vacate Second City Court's February 24, 2022 judgment to the extent it relied on lease violations as a basis for Ms. Ricard's eviction; and we conduct a "*de novo* review of the record and determine the preponderance of the evidence." *Guste*, 2020-0110, pp. 8-9, 302 So.3d at 1187.

Again, this Court is a court of record and "[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Kimball*, 2021-0101, p. 22, 331 So.3d at 489. The only document that JoAnn Place attempted to offer into evidence at the hearing was the notarized statement, which is not in the record before this Court and thus not subject to our review. Without introducing into evidence Ms. Ricard's lease and evidence supporting its allegations that she violated the lease, we conclude that JoAnn Place did not meet its burden of proving by a preponderance of the evidence a valid lease and that the violation of the lease provides sufficient grounds for an eviction. Because JoAnn Place did not meet its burden of proving violations of the lease as the basis for Ms. Ricard's eviction, we reverse the February 24, 2022 judgment to the extent it evicted Ms. Ricard for alleged lease violations. Further, we render judgment denying JoAnn Place's Rule for Possession based on alleged lease violations.

We pretermit discussion of Ms. Ricard's first assignment of error.

### DECREE

For the foregoing reasons, we vacate and reverse Second City Court's February 24, 2022 judgment in favor of JoAnn Place, which ordered Ms. Ricard's eviction. Further, based on our *de novo* review, we render judgment denying JoAnn Place's February 1, 2022 Rule for Possession.

**VACATED; JUDGMENT RENDERED; REVERSED**