STATE OF LOUISIANA

VERSUS

KENNETH C. LODS

NO. 23-KA-319

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 15-6512, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING


December 27, 2023


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Scott U. Schlegel


<u>**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED**</u>
    **JJM**
    **JGG**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Darren A. Allemand
     Molly Love

COUNSEL FOR DEFENDANT/APPELLEE,
KENNETH LODS
     R. Christian Bonin

**MOLAISON, J.**

In this criminal appeal, pertaining to a conviction for Felony Second Offense Operating a Vehicle while Intoxicated, the State contends that the trial court erred in eliminating mandatory sentencing provisions pursuant to a downward departure motion by the defendant under *State v. Dorthey,* 623 So.2d 1276 (La. 1993). For the reasons that follow, the defendant's conviction is affirmed. We further vacate the sentence imposed and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The defendant, Kenneth Lods, was charged in a bill of information by the Jefferson Parish District Attorney's Office on November 12, 2015, with one count of Felony Second Offense Operating a Vehicle while Intoxicated ("DWI 2nd"), in violation of La. R.S. 14:98 and 98.2(D).[1] On November 24, 2015, Mr. Lods initially pled not guilty at his arraignment but, on November 3, 2022, he changed his plea to guilty as charged. On that same date, defense counsel made a verbal downward departure motion at the time of sentencing and the trial court found the mandatory minimum requirements for an enhanced DWI 2nd were unconstitutionally excessive as applied to Mr. Lods. Accordingly, the court sentenced him to imprisonment at hard labor for a term of two years, with credit for time served. The sentence was suspended, and Mr. Lods was placed on active probation for a term of one year. In addition, the court waived all mandatory DWI 2nd requirements, including that he serves at least six months imprisonment

---

[1] We note generally, as other courts have, that operation of a vehicle on the public roadway while intoxicated creates a risk of death or great bodily harm to all other motorists. In this case, it was Mr. Lods' prior conviction for vehicular homicide which led to the mandatory sentence at issue. That the legislature created a felony enhancement for individuals whose crimes of driving while intoxicated are not victimless, is indicative of the serious nature of the offense for which Mr. Lods has now been convicted. It is the legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. The penalties provided by the legislature reflect the degree to which the criminal conduct affronts society. *State v. Borden*, 07-396 (La. App. 5 Cir. 5/27/08), 986 So.2d 158, 174, *writ denied*, 08-1528 (La. 3/4/09), 3 So.3d 470. The courts are charged with applying these punishments unless they are found to be unconstitutional. *State v. Dorthey*, 623 So. 2d 1276, 1278 (La. 1993).

without the benefit of probation, parole or suspension of sentence. The State objected to the sentence at that time.

On November 29, 2022, the State filed a motion for reconsideration of Mr. Lods' sentence, which the trial court denied following a hearing on April 12, 2023. This timely appeal followed.

## ASSIGNMENT OF ERROR

The trial court erred in departing downward from the mandatory minimum sentence and other requirements required by La. R.S. 14:98 and 98.2.

## LAW AND ANALYSIS

The offense to which Mr. Lods pled guilty, La. R.S. 14:98 and 98.2(D), contains mandatory minimum sentencing provisions. La. R.S. 14:98(D)(b) states:

> (b) If the conviction of a second offense violation of the provisions of this Section when the first offense was for the crime of vehicular homicide in violation of R.S. 14:32.1, third degree feticide in violation of R.S. 14:32.8, or first degree vehicular negligent injuring in violation of R.S. 14:39.2, the offender shall be sentenced under the provisions of R.S. 14:98.2(D).

La. R.S.14:98.2(D) provides:

> D. Notwithstanding any other provision of law to the contrary, on a conviction of a second offense violation of R.S. 14:98, and regardless of whether the second offense occurred before or after the first conviction, when the first offense was for the crime of vehicular homicide in violation of R.S. 14:32.1, third degree feticide in violation of R.S. 14:32.8, or first degree vehicular negligent injuring in violation of R.S. 14:39.2, the offender shall be fined two thousand dollars and imprisoned, with or without hard labor, for not less than one year nor more than five years. At least six months of the sentence of imprisonment imposed shall be without benefit of parole, probation, or suspension of sentence except in compliance with R.S. 14:98.5(B)(1), the mandatory minimum sentence cannot be served on home incarceration.

In the instant case, it is not disputed that Mr. Lods' prior conviction was for a violation of R.S. 14:32.1 from Twenty-Fourth Judicial District case number 03-5180, "in that he did kill one Alan Herrero, while engaged in the operation of a motor vehicle while under the influence of alcoholic beverages." Accordingly,

under La. R.S. 14:98 and 98.2(D), at least six months of Mr. Lods' sentence is required to be served without the benefit of parole, probation, or suspension of sentence.

A mandatory minimum sentence is presumed constitutional. *State v. Royal*, 03-439 (La. App. 5 Cir. 9/30/03), 857 So.2d 1167, 1174, *writ denied*, 03-3172 (La. 3/19/04), 869 So.2d 849. A trial court may reduce a presumptively constitutional sentence if it determines the sentence makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime" as applied to a particular defendant. *State v. Dorthey*, *supra* at 1280-81. This Court has observed that downward departures from mandatory sentences should only occur in rare cases. *State v. Berniard*, 03-484 (La. App. 5 Cir. 10/15/03), 860 So.2d 66, 75, *writ denied*, 03-3210 (La. 3/26/04), 871 So.2d 345.

A court may only depart from the mandatory sentence if it finds clear and convincing evidence[2] that would rebut the presumption of constitutionality. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, 676. It is the defendant's burden to show that he is exceptional, namely, that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the gravity of the offense, the culpability of the offender and the circumstances of the case. *State v. Nabors*,

---

[2] In *State v. Johnson*, 458 So.2d 937, 942 (La. Ct. App. 1984), *writ denied*, 463 So.2d 593 (La. 1985), the First Circuit discussed the elements of the "clear and convincing" evidentiary standard as follows:

> Generally, this third burden of proof requires more than a 'preponderance of the evidence' but less than 'beyond a reasonable doubt.' The existence of the disputed fact must be highly probable, that is, much more probable than its non-existence. *Louisiana State Bar Association v. Edwins,* 329 So.2d 437 (La.1976). This standard is usually employed 'where there is thought to be special danger of deception, or where the court considers that the particular type of claim should be disfavored on policy grounds.' McCormick on Evidence, Section 340(b), p. 798 (2nd ed. 1972).

53,357 (La. App. 2 Cir. 4/22/20), 295 So.3d 974, 977, *writ denied*, 20-00709 (La. 10/6/20), 302 So.3d 527.

In some cases, a defendant's poor health, standing alone, has been deemed an insufficient basis upon which to claim that a mandatory sentence is unconstitutionally excessive. Courts have rejected this argument even in instances where it has been claimed that a defendant will require dialysis while incarcerated.[3] In the instant case, we must determine under the facts presented whether Mr. Lods proved by clear and convincing evidence that the mandatory minimum sentence of six months would be unconstitutional as applied to him because of illness. Here, however, we cannot reach the issue of the evidence's sufficiency, as none was offered to the trial judge by Mr. Lods prior to sentencing.

The record reflects that no pre-sentence investigation ("PSI") was conducted which could have informed the trial court's decision.[4] There was also no evidentiary hearing on Mr. Lods' motion. Counsel for Mr. Lods made a verbal motion for a downward departure immediately prior to sentencing, which was sufficient to place the issue before the trial court, but which did not conclude with

---

[3] *See, for example, State v. Windham*, 99-637 (La. App. 5 Cir. 11/30/99), 748 So.2d 1220, *writ denied*, 99-1110 (La. 6/4/99), 744 So.2d 627, in which this Court upheld the defendant's mandatory life sentence as a fourth felony offender despite his health problems that included dialysis treatment, hip inflammation, as well as the lack of use of one arm. Similarly, in *State v. Poupart*, 11-710 (La. App. 5 Cir. 2/28/12), 88 So.3d 1132, we found that a defendant's 20-year sentence as a multiple offender was not excessive, even considering that the defendant had colon cancer that would require medical treatment.

[4] In *State v. Ellis*, 14-1170 (La. App. 4 Cir. 3/2/16), 190 So.3d 354, 373-74, *writ denied*, 16-0618 (La. 5/13/16), 191 So.3d 1057, the Fourth Circuit discussed the utility of a PSI report:

> A PSI report of defendant's background, particularly when a court must decide whether he should be given the harshest sentence available (other than a death sentence), can be critical to the defendant and to the very integrity of the judicial system. *See State v. Lockwood*, 439 So.2d 394, 397 (La.1983). ("The purpose of the PSI and report is so important to the defendant and to the integrity of the judicial system that it must be fair, not based solely on impression or opinion, but based on conclusions rationally derived from information from identifiable sources")(emphasis added)… However, in the absence of any testimony or evidence developed during the sentencing hearing, as is the case here, such a report can greatly assist the sentencing judge in substantively evaluating the Article 894.1 factors as well as in tailoring the sentence given to a particular defendant.

a single exhibit being introduced into evidence. Defense counsel simply asserted that the mandatory minimum is unconstitutionally excessive because his client was "on dialysis." Whether or not this is a true statement, the argument of counsel at the hearing is not evidence. *Hous. Auth. of New Orleans v. King*, 12-1372 (La. App. 4 Cir. 6/12/13), 119 So.3d 839, 842. More specifically, as noted by the Fourth Circuit in *State v. Brazell*, 17-0032 (La. App. 4 Cir. 4/18/18), 245 So.3d 15, 38 (citations omitted), *writ denied*, 18-0868 (La. 3/6/19), 266 So.3d 900, "[m]ere argument—unsupported by factual evidence—that a sentence is excessive is insufficient to carry the burden of proof."

Despite the absence of evidence offered in support of the motion, the sentencing transcript itself shows that the trial court relied upon three specific factors in granting the downward departure in this matter. The first was Mr. Lods' unspecified "terminal condition," and the second was an observation that Mr. Lods was "wheelchair bound" on the date of sentencing.[5] A third finding was that Mr. Lods had already surrendered his license and vehicles.[6]

A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So.2d 7, 16. La. C.Cr.P. art. 894.1(C) provides that "[t]he court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." When an appellate court reviews an excessive sentence claim, it must determine whether the trial court "adequately complied with the statutory guidelines in La. C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed." *State v.*

---

[5] As part of its motion for reconsideration of sentence, the State introduced several affidavits into evidence which attested to the fact that Mr. Lods walked around at the East Jefferson Office for probation and parole without assistance on November 9, 2022, six days after pleading guilty.

[6] The State also subsequently contradicted this finding with an affidavit in which the affiant affirmed that Mr. Lods told her he still owned two truck and a motorcycle on November 9, 2022, six days after pleading guilty.

*Parker*, 12-0588 (La. App. 4 Cir. 3/20/13), 112 So.3d 366, 373. In the instant matter, where evidence to support the ruling is absent, we find that the trial court abused its discretion in finding that the mandatory minimum six-month sentence is unconstitutional as applied to Mr. Lods.

## DECREE

For the foregoing reasons, the defendant's conviction is affirmed. We vacate Mr. Lods' sentence imposed on November 3, 2022. We remand this case to the trial court for resentencing in a manner consistent with this opinion.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-319

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLANT)      THOMAS J. BUTLER (APPELLANT)      R. CHRISTIAN BONIN (APPELLEE)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLANT)
DISTRICT ATTORNEY
MOLLY LOVE (APPELLANT)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053