## South Burlington Mechanical & Electrical Contractors, Inc. v. Graybar Electric Co., Inc.

[421 A.2d 1275]

No. 106-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

September 8, 1980

*Lisman & Lisman*, Burlington, for Plaintiff.

*McNamara & Fitzpatrick, Inc.*, Burlington, for Defendant.

**Daley, J.** Plaintiff, a contractor, sued the defendant wholesaler for damages and storage costs for rejected goods which the defendant allegedly refused to take back. Prior to filing this action, plaintiff had defaulted on loans secured by all its accounts, inventory, equipment and machinery, and the goods in question had been seized and sold by the Chittenden Trust Company (Chittenden). The case nonetheless went to trial in

plaintiff's name, and at the close of the evidence defendant moved for dismissal on the ground that plaintiff was not the real party in interest. V.R.C.P. 17(a). In a memorandum of law, the plaintiff argued, *inter alia*, that if the Chittenden was the real party in interest, a reasonable time should be allowed to permit it to enter the action. The court, however, entered judgment for the defendant. The court reasoned that, regardless of whether this action was for an account due plaintiff as credit for payment on the rejected goods, or for the goods themselves, all title to the collateral had passed to the Chittenden, and therefore plaintiff had no legal interest in the subject matter of the action.

Shortly thereafter, plaintiff filed a motion to join or substitute the Chittenden as real party in interest, and to reopen the judgment. The motion to substitute was granted, and the Chittenden then moved for judgment. This motion was renewed some months later in the name of both the plaintiff and the Chittenden. According to the docket entries, a conference was held in chambers, the motion for judgment was withdrawn, and the case was set for retrial. When it came on for retrial, however, the court observed that the original motion to reopen the judgment had not been acted on. The court denied the motion to reopen the judgment, and the plaintiff filed a timely notice of appeal. The Chittenden did not appeal, and, in fact, was allowed to withdraw from the case.

The trial court, after finding that the Chittenden was the real party in interest, should have allowed a reasonable time for it to come into the action, rather than immediately entering judgment for the defendant. V.R.C.P. 17(a). The error was temporarily cured by allowing the Chittenden to enter the action, until this remedial step was rendered wholly nugatory by the trial court's refusal to reopen the judgment. Since the judgment was based on the fact that the Chittenden should have been, but was not, a party to the action, the court erred in not reopening the judgment once the Chittenden came in.

*The order of March 20, 1978, denying the motion to reopen the judgment, is reversed. Cause remanded.*