STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KAYLA TRAHAN

VERSUS

2010 BEGLIS, L.L.C., PRODUCTIVE PROPERTIES, INC.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2010-005259 B
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE
**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

Cooks, J., dissents and assigns written reasons.

AFFIRMED.

Elizabeth Traub
P.O. Box 2148
Lake Charles, LA  70602-2148
(337) 439-0374
COUNSEL FOR PLAINTIFF/APPELLANT:
        Kayla Trahan

Gregory L. Landry
Acadiana Legal Services Corporation
1020 Surrey Street
Lafayette, LA 70501
(337) 237-4320
COUNSEL FOR PLAINTIFF/APPELLANT:
        Kayla Trahan

Lee W. Boyer
Stephen D. Polito
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
P.O. Box 2900
Lake Charles, LA 70602
(337) 436-9491
COUNSEL FOR DEFENDANT/APPELLEE:
        2010 Beglis, L.L.C., Productive Properties, Inc.

**DECUIR, Judge.**

Kayla Trahan appeals the judgment rendered against her in an eviction proceeding brought by her landlord, Productive Properties, Inc. and 2010 Beglis, LLC. After due consideration of the record before us, we affirm.

On September 5, 2009, Kayla Trahan signed a lease with Productive Properties, Inc., to rent a unit at Productive's apartment complex, Town & Country Apartments, located in Sulphur, Louisiana. The term of the lease was set forth as one year. Town & Country Apartments is Section 8 housing, and, as such, Trahan was required to execute an additional lease for a term of one year with the Sulphur Housing Authority, which was done on November 2, 2009. "Section 8" is a term used to describe a federally funded housing program which provides vouchers for affordable housing offered by approved landlords. The program is administered by the United States Department of Housing and Urban Development (HUD).

The Productive lease set forth various rules and regulations which restrict certain actions and behaviors at the complex. According to Productive, these rules and regulations are explained to all prospective tenants when the leases are signed. Trahan's signature was on the rules and regulations page of her lease. The HUD lease also contained certain terms and conditions as well as a tenancy addendum which relates to the term of the lease and the termination of a tenant's occupancy.

Not long after Trahan moved in to the apartment, Productive alleges, she began committing various infractions, which among other things, included allowing a person who was not on the lease to live with her in the apartment. Although this was denied by Trahan, it was believed by Productive's property manager that this man, later identified as Trahan's boyfriend, Beau Arabie, was living in the apartment. Productive continued to inform Trahan that a person not on the lease cannot live in her apartment and that a proper procedure existed for

tenants to have overnight guests. In response to a complaint from Trahan concerning whether her apartment conformed to the Section 8 program, an inspector for the Sulphur Housing Authority inspected Trahan's apartment on August 3, 2010. The property manager testified that the inspector found Trahan's apartment met the Section 8 requirements and confirmed that Trahan's boyfriend was living with her in the apartment. Arabie testified that he regularly spent as many as three nights at a time in Trahan's apartment. Trahan did not testify.

Productive also alleged Trahan committed various other lease infractions, including parking additional cars not listed on the lease, bothering other tenants, and making repeated unfounded requests for repairs. During the term of Trahan's lease, Productive determined that it would not renew Trahan's lease after the initial term. She was sent several notices informing her that the lease would not be renewed. As the end of the lease approached, Trahan was sent two notices (the first on October 11, 2010 by Productive's property manager and the second on October 22, 2010 by Productive's legal counsel) informing her the lease was not being renewed and that she had thirty days to vacate the premises. Trahan argued these notices did not comply with the applicable state and federal requirements.

On October 12, 2010, Trahan filed suit against Productive requesting declaratory judgment, specific performance, monetary damages and injunctive relief. At the time of the filing, the trial court granted a temporary restraining order, which was filed in conjunction with Trahan's petition, preventing Trahan from being evicted. At a subsequent hearing for preliminary injunction, the trial court refused to extend the injunction preventing Productive from evicting Trahan. The injunction was denied and the temporary restraining order was dissolved.

Thirty days after the October notices to vacate were received by Trahan, Productive filed a Rule to Evict in city court. One day before the hearing on the

Rule to Evict, Trahan filed an Exception of *Lis Pendens*. At the hearing, Productive was granted an extension to explore a defense to the *lis pendens* exception. Rather than contesting the *lis pendens* exception, Productive moved to dismiss the suit in city court and, on December 15, 2010, filed a Rule to Evict in the suit which had been instituted by Trahan in the district court.

During this time period, Trahan gave Productive three rental payments dated October 5, November 2, and December 8, each in the amount of $13.00. The October payment was first returned to Trahan, then later accepted and negotiated by Productive, as it paid the October rent during which Trahan's tenancy continued. The November and December payments were neither deposited nor negotiated by Productive, but were ultimately given to Productive's counsel to hold during the ongoing proceedings.

On December 23, 2010, the Rule to Evict came before the trial court. Before the rule was heard, Trahan presented several exceptions and motions including an exception of improper cumulation, an exception of no valid notice to vacate, an exception of vagueness, and a motion to dismiss. All the exceptions were denied by the trial court. After consideration of all the evidence, the trial court granted Productive's Rule to Evict and assessed court costs against Trahan. Trahan was ordered to vacate the apartment within twenty-four (24) hours. Trahan did not vacate, and instead filed the present appeal, asserting several assignments of error: *lis pendens*, improper cumulation of actions, ineffective notices to vacate and the acceptance of rental payments as forgiveness of the lease infractions. We find no merit to the issues raised by Trahan; therefore, we affirm the judgment rendered against her.

## STANDARD OF REVIEW

A court of appeal may not set aside a trial court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. *Stobart v. State, through Dept. of Transp. and Dev.*, 617 So.2d 880 (1993); *Rosell v. ESCO*, 549 So.2d 840 (1989). Questions of law are reviewed *de novo* by determining whether the trial court was legally correct or legally incorrect. *Sanchez v. La. Nursery*, 09-1247 (La.App. 3 Cir. 4/7/10), 34 So.3d 1047; *Domingue v. Bodin*, 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654.

## LIS PENDENS

Trahan first argues the trial court erred in failing to grant her *lis pendens* exception regarding the pending eviction proceeding in Sulphur City Court. Because we have been presented with a certified copy of a December 22, 2010 judgment of dismissal of the city court action, we find no merit to this contention:

> Because *lis pendens* does not address the merits of the disputes between the parties, a reviewing court considers *lis pendens* in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court judgment. *La. Cotton Ass'n Workers' Compensation Group Self-Insurance Fund v. Tri-Parish Gin Co., Inc.*, 624 So.2d 461 (La.App. 2nd Cir.1993). After oral argument, Brooks, Cudd, and National filed a joint stipulation of amicable resolution of the Orleans Parish suit which had served as the basis for the exception of *lis pendens*. The stipulation included an order of dismissal from the trial court in Orleans Parish. Sonat contends that this court may not receive new evidence on appeal and that the dismissal was not a part of the record and thus may not be included in this court's review. However, this argument is contrary to the very nature of a *lis pendens* review. A review of a grant of *lis pendens* requires this court to examine not only was the trial court correct when the exception was granted, but whether the exception is still correct at the time of appeal. See *La. Cotton Ass'n supra*.

*Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 34,796 p. 2-3 (La.App. 2 Cir. 8/22/01), 796 So.2d 66, 68-69, *writ denied*, 01-2810 (La. 1/4/02), 805 So.2d 204.

## IMPROPER CUMULATION

In Trahan's second assignment of error, she argues that it is reversible error to cumulate a summary eviction proceeding with a pending ordinary proceeding. This argument disregards the fact that the trial court bifurcated the proceedings and ordered separate trials of the eviction and the issues raised in Trahan's petition, which are still pending and remain to be decided via ordinary process at a later date. Therefore, we find no reversible error in the trial court's ruling.

## NOTICE TO VACATE

Trahan asserts that Productive's notices to vacate the premises were not in compliance with state law, federal law, and the terms of the leases she signed. The record shows Trahan was provided with several notices throughout the term of her lease. Most of these communications simply advised Trahan that her lease would not be renewed at the end of its term. The notices provided to her on October 12, 2010 and October 22, 2010, however, included the grounds for her eviction and a thirty-day time period in which to vacate the leased premises. The notices also informed Trahan of her right to present a defense at her eviction hearing should she fail to vacate the premises timely. Moreover, the Rule to Evict, which is an "initial pleading used under State or local law to commence an eviction," as defined by the HUD lease, was sent to the Sulphur Public Housing Authority on the same day it was served on Trahan.

The trial court considered the notices sent to Trahan and the Rule to Evict in light of the controlling legal and contractual requirements and found all notice requirements were satisfied. We agree with this finding. The notices were adequate, informative, and complied with the applicable laws and lease requirements. Trahan has presented nothing that convinces us the notices were inadequate. She was fully informed of the reasons for non-renewal, she was given

5

the appropriate time in which to vacate, and she was informed of her right to present a defense to any subsequent eviction proceeding. Additionally, the Sulphur Public Housing Authority was properly served with the Rule to Evict.

Louisiana's summary eviction procedure, La.Code Civ.P. art. 4731 *et seq.*, allows for the filing of a summary eviction proceeding only after the required notice to vacate, as described in La.Code Civ.P. art. 4701, has been sent by the owner. It also requires that notice must include the grounds upon which eviction is sought. La.Code Civ.P. art. 4731(A).

Section 8 of the HUD-required tenancy addendum sets forth the substantive provisions relating to the termination of tenancy, mandating that "the owner may only terminate the tenancy in accordance with the lease and HUD requirements." Federal regulations require the owner to perform certain acts before attempting to evict a tenant from federally subsidized housing. Trahan's lease included the following language concerning the notice requirements required under the law:

a. Notice of grounds.

   (1) The Owner must give the Tenant a notice that specifies the grounds for termination of tenancy. The notice of grounds must be given at or before commencement of the eviction action.

   (2) The notice of grounds may be included in, or may be combined with, any Owner eviction notice to the Tenant.

b. State or local eviction notice.

   (1) Owner eviction notice means a notice to vacate, or a complaint or other initial pleading used under State or local law to commence an eviction.

   (2) The owner must give the PHA a copy of any Owner eviction notice to the Tenant at the same time that the Owner gives notice to the Tenant.

Productive's notices to Trahan meet the basic requirements which govern this lease: setting forth the grounds for eviction, providing a thirty (30) day time period in which to vacate the premises, and informing Trahan of her right to

present a defense at the eviction proceeding should she so choose. While the two notices in question were not served upon the Sulphur Public Housing Authority at the time notice was sent to Trahan, the Rule to Evict, which is the actual pleading or complaint, was properly served. As quoted above, the term "owner eviction notice" is defined as one of two things: It can be *either* a notice to vacate *or* "a complaint or other initial pleading used under State or local law to commence an eviction." The two definitions are separate, as evidenced by the use of a comma, and give the owner a choice. Here, Productive chose to give the Sulphur PHA a copy of the Rule to Evict. We find this action to be in compliance with the terms of the leases signed by Trahan.

## RENTAL PAYMENTS

Trahan urges this court to find error in the trial court's determination that Productive did not accept Trahan's November and December rent payments. She argues that Productive, by holding on to her money orders, accepted the payments and, consequently, this acceptance vitiated the notices to vacate and served as forgiveness of the lease infractions.

Upon review of the record before us, we conclude the issue of Trahan's rental payments is not properly before us. Trahan failed to offer any evidence of rental payments. She did not testify regarding the payment of rent, tender of the payments, or her belief that Productive no longer sought to evict her based on forgiveness of the lease infractions. Trahan did not offer into evidence any copies or receipts for the payment of rent. The issue was raised in the trial court only in the comments and arguments of counsel; no evidence exists for review.

Accordingly, we find no merit to the assignment of error.

## DECREE

For the above reasons, we affirm the trial court judgment against Trahan granting the Rule to Evict and assessing her with court costs. All costs of this appeal are assessed to Trahan.

**AFFIRMED.**