Filed 12/27/23


VERMONT SUPERIOR COURT            CIVIL DIVISION

Rutland Unit                           Case No. 23-CV-04070

83 Center St

Rutland VT 05701

802-775-4394

www.vermontjudiciary.org


Hilarie Tolstoi
        Plaintiff

v.

Kathleen Wilson
        Defendant


<u>Decision on Plaintiff's Motion for Payment of Rent Into Court</u>
<u>Decision on Defendant's Motion to Dismiss</u>

Plaintiff-landlord Hilarie Tolstoi seeks a rent-escrow order. At the motion hearing, defendant Kathleen Wilson argued that the eviction complaint should be dismissed for two independent reasons.

The first issue involves federal housing regulations. Landlords participating in federal housing programs must provide the public housing agency with a copy of any "owner eviction notice" given by the landlord to the tenant. 24 C.F.R. § 982.310(e)(2)(ii). The term "owner eviction notice" means "a notice to vacate, or a complaint or other initial pleading used under state or local law to commence an eviction action." 24 C.F.R. § 982.310(e)(2)(i). In other words, as applied to Vermont's procedures, the term "owner eviction notice" refers to the notice of termination that is provided to the tenant in accordance with 9 V.S.A. § 4467(a), and to the eviction complaint that is filed in accordance with 12 V.S.A. § 4852. In this particular case, plaintiff gave the public housing agency a copy of the notice of termination, but did not also provide the agency with a copy of the complaint. Defendant argues that a landlord must provide the public housing agency with both documents.

The purpose of the regulation is to provide the public housing agency with an opportunity to communicate with the tenant and the landlord about the termination of the rental agreement, and to "preserve the housing subsidy for the tenant if at all possible." *Calciano v. Caldwell*, 2010 WL 1930323 (Conn. Super. Ct. May 3, 2010); *Winns v. Rosado*, 111 A.3d 155, 158 (N.J. Super. Ct. 2014); *Town of Oyster Bay Housing Auth. v. Kohler*, 2012 WL 975076, *3 (N.Y. Dist. Ct. Mar. 21, 2012). A number of cases support the position that an eviction action must be dismissed if the landlord fails to send any written "owner eviction notice" to the public housing agency in a timely manner, e.g., *Franklin South LLC v. Charbonneau*, No. 22-CV-03982 (Vt. Super. Ct. Mar. 2, 2023) (Toor, J.); *Bourne v. Baker*, No. 22-CV-00163 (Vt. Super. Ct. Mar. 30, 2022) (Gerety, J.); *Borofsky v. Rhodes-Harris*, No. 231-7-16 Wmcv (Vt. Super. Ct. Oct. 20, 2016) (Kainen, J.); *Parsons v. Norway*, No. 20-2-14 Lecv (Vt. Super. Ct. Oct. 28, 2014) (Pearson, J.); *Hinkson v. Wilson*, 2017 WL 5929282 (Conn. Super. Ct. Nov. 8, 2017).

However, the court was not able to find any cases indicating that a landlord must provide the public housing agency with *both* the notice of termination *and* the eviction complaint. On the contrary, the only case that the court found was one holding that the landlord must provide the public housing agency with "either" the notice to vacate "or" the complaint, but that the federal regulation does not require the landlord to provide both. *Trahan v. 2010 Beglis, LLC*, 81 So.3d 192, 197 (La. Ct. App. 2011).

Here, plaintiff provided the public housing agency with a copy of the notice of termination. This satisfied the purpose of the federal regulation: the notice of termination provided the agency with the information it needed to communicate with the tenant and the landlord about the possible eviction. *Calciano*, 2010 WL 1930323 at *1. An additional notice of the same eviction would not further the regulatory purpose. For this reason, in the absence of contrary authority, the court does not interpret the federal regulation as requiring the landlord to provide the public-housing agency with both types of the "owner eviction notice."

The second issue involves ownership of the rental property. Plaintiff filed this eviction complaint in her own name, but conceded at the rent-escrow hearing that the property is owned by a limited-liability company called Wistol LLC, and that defendant's rental agreement is with the limited-liability company. Plaintiff represented that she is the sole owner of the LLC. However, that does not mean that she and the LLC are interchangeable legal entities.

Vermont Civil Procedure Rule 17(a) requires lawsuits to be brought in the name of the "real party in interest," meaning the legal entity who has "the right to be enforced," rather than whomever has "the ultimate beneficial interest." Vt. R. Civ. P. 17(a) & Reporter's Notes; 6A Wright, Miller, Kane & Marcus, Federal Practice and Procedure: Civil 3d § 1543. Here, plaintiff asserts that she is the one who ultimately benefits from any rent paid to the LLC, but she admits that the LLC is the owner of the property and the landlord who is entitled to judgment for possession of the property. For this reason, the LLC should be named as the plaintiff in this eviction complaint, rather than Ms. Tolstoi in her individual capacity.

At the rent-escrow hearing, the court said that it would allow plaintiff to amend the complaint verbally on the record to effectuate this change, but the court should not have done that, because it did not afford defendant an adequate opportunity to be heard on the motion. 6 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1485. For this reason, and for purposes of documentation and clarity, the court will (1) deny plaintiff's motion for payment of rent into court, because it was not filed by the legal entity entitled to enforcement of the rental agreement, and (2) require plaintiff to file a motion to substitute a party or to amend the complaint within 30 days of the file-stamped date of this order, e.g., Vt. R. Civ. P. 17(a); *South Burlington Mechanical and Elec. Contractors, Inc. v. Graybar Elec. Co., Inc.*, 138 Vt. 580, 581 (1980). As outlined in *Graybar Elec. Co.*, this is the preferred procedure for addressing this situation, rather than dismissal of the case. The motion for rent escrow may be renewed upon the filing and service of the motion to substitute a party or amend the complaint.

For these reasons:

(1) Plaintiff's Motion for Payment of Rent into Court is denied;

(2) Defendant's Motion to Dismiss is denied; and

(3) Plaintiff must file a motion to substitute a party or to amend the complaint, with service under Rule 5, within 30 days of the file-stamped date of this order, or the matter may be dismissed without further notice.

Electronically signed on Tuesday, December 26, 2023 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge