| | | |
|---|---|---|
| **MARILYN A. TAYLOR** | * | **NO. 2024-CA-0461** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ROBYN JOSEPH** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2023-06115, SECTION "B"
Honorable Elroy A James, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Monique G. Morial)

Taetrece Harrison
Harrison Law Group, LLC
900 Camp Street
#4C13 3rd Floor
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Molly Gordon
SOUTHEAST LOUISIANA LEGAL SERVICES
1340 Poydras Street
Suite 600
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLANT

**VACATED AND REMANDED**
**JANUARY 30, 2025**

*PAB*
*TGC*
*MGM*

This appeal arises out of an eviction proceeding. Appellant, Robyn Joseph ("Ms. Joseph"), seeks to appeal the city court's September 27, 2023 judgment, which ordered Ms. Joseph's eviction in response to Appellee's, Marilyn Taylor ("Ms. Taylor"), *Application for Rule for Possession of Premises*. For the reasons that follow, we vacate the judgment and remand this matter to the city court for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

On September 8, 2023, Ms. Taylor filed her *Application for Rule for Possession of Premises* (the "rule for possession") with First City Court for the Parish of Orleans, seeking to have Ms. Taylor evicted from 2527 Dreux Avenue, New Orleans, Louisiana, 70122 (the "property").[1] The rule for possession indicates that Ms. Taylor is the landlord and owner of the property, and that Ms. Joseph is the tenant.[2] On this application, Ms. Taylor selected a pre-typed option

---

[1] The application for rule for possession of premises is a pre-printed form that can be found on the website for the Orleans Parish Civil District Court under the section labeled "City Court Forms." (https://www.orleanscivildistrictcourt.org/forms) Ms. Taylor used this pre-printed form and filled in the required information by hand.

[2] The rule for possession also indicates that the property is part of the Housing Authority of New Orleans, Section 8 Housing Voucher Program ("HANO"), which offers subsidized leased housing for low income households.

1

as her reason for eviction, which reads "[l]ease has expired and/or owner wants possession of premises." This option selected by Ms. Taylor additionally provided that the tenant being evicted must have been notified according to the law. Attached to the rule for possession was a copy of the lease.

The hearing on the rule for possession was set for September 27, 2023. Before the hearing commenced, counsel for Ms. Joseph represented that she had an exception of prematurity to orally offer prior to the trial on the merits. Instead of accepting the oral offer, the city court passed the case and allowed counsel for Ms. Joseph to file a written exception, which was captioned as an *Exception, Answer, and Affirmative Defense to Rule for Possession of Premises*. The parties returned to the courtroom on the same day and proceeded with the hearing. Counsel for Ms. Joseph began by arguing that the exception of prematurity, which was based on the retaliation prohibition found in NEW ORLEANS, LA., CODE OF ORDINANCES, ch. 26, art. XIII (2023) (the "Healthy Homes Program"),[3] protects Ms. Joseph from eviction. Ms. Joseph further argued that Ms. Taylor filed the rule for possession within six months of hearing that Ms. Joseph had reported to HANO that she was unable to connect the electricity in the unit she was renting due to zoning violations against Ms. Taylor. Thus, Ms. Joseph asserted that pursuant to the Healthy Homes Program, a rebuttable presumption of illegal retaliation was triggered when Ms. Taylor filed the rule for possession against her. Both parties provided testimony related to the exception of prematurity. However, none of the testimony provided is germane to the issue currently before this court.

---

[3] The Healthy Homes Program is an ordinance from the City of New Orleans intended to protect persons residing in Orleans Parish by ensuring that lessees may occupy safe and habitable dwellings. Pertinently, Section 26-680 of the ordinance provides that lessees may report potential violations of the program without fear of retaliation from the lessor.

Ms. Joseph's testimony centered on why she had reported Ms. Taylor to HANO. Ms. Joseph relayed that she had signed the lease at issue in June of 2022, but the lease did not become effective until July of 2022. After signing the lease, she had personal concerns with having the electricity turned on in her name due to her unrelated complaint under the Violence Against Women Act. She reported Ms. Joseph because when she attempted to have the electricity turned on in the unit that she was renting,[4] she was denied and told that the property was zoned as commercial and not residential. Ms. Joseph testified that Ms. Taylor knew that the lights were off but failed to correct the zoning issue. It was Ms. Joseph's belief that once she reported this issue to HANO, Ms. Taylor filed her rule for possession shortly afterwards.

Following Ms. Joseph's testimony, Ms. Taylor was called to the stand. Ms. Taylor testified that she was not aware that after Ms. Joseph signed the lease that Ms. Joseph had not contacted the power company to have the electricity transferred in her name. She later learned that Ms. Joseph waited over six months—until March 2023—to attempt to have the electricity turned on, but was denied because of inactivity on the account. After she was notified of the issue, Ms. Taylor hired an electrician to assess the situation and fix the problem. Ms. Taylor further testified that she had no knowledge of any issues with the zoning of the property.

After hearing testimony from both Ms. Joseph and Ms. Taylor, the city court found that there was not enough evidence to suggest that Ms. Taylor was seeking eviction as part of a retaliatory effort and denied the exception of prematurity.[5]

---

[4] Ms. Joseph testified that her brother agreed to have the lights in her unit turned on in his name.

[5] In her appellate brief, Ms. Joseph specifically states that she "does not raise any assignment of error regarding First City Court's denial of her first exception of prematurity.

3

Notably, aside from Ms. Joseph's brief mentioning of when the lease was signed, neither party offered testimony as to the lease itself, the terms contained therein or the notice to vacate.

Following the city court's denial of the exception of prematurity, counsel for Ms. Joseph then transitioned to the argument of her affirmative defense, which forms the basis of this appeal. For clarity, counsel for Ms. Joseph argued as an affirmative defense that Ms. Taylor was not entitled to possession of the property because the lease's term had not terminated.[6] During the argument on her affirmative defense, no testimony was offered and no exhibits were formally introduced. After hearing arguments from counsel for both parties, the city court orally denied the affirmative defense without giving reasons. A written judgment was entered on the same day as the hearing—September 27, 2023—ordering Ms. Joseph to vacate the property by October 14, 2023.

On September 28, 2023, Ms. Joseph timely filed a *Motion for Suspensive Appeal*, which was signed by the city court on October 2, 2023, setting Ms. Joseph's bond at the value of her monthly rent—$31.00 payable as due. Ms. Joseph posted her first bond payment on October 5, 2023. Subsequently, Ms. Joseph filed six *Motions to Deposit Funds in the Registry of the Court*, one for each month starting in October and ending in March. On March 19, 2024, Ms. Taylor filed an *Emergency Motion to Dismiss Suspensive Appeal and Reinstate Judgment of Possession* (the "motion to dismiss") on the grounds that Ms. Joseph's October 5, 2023 bond payment was untimely and that Ms. Joseph had not yet paid the appeals costs. On March 19, 2024, the city court ordered that Ms. Joseph show

---

[6] Though captioned as an affirmative defense in her pleading, the city court referred to this argument as a "second exception."

4

cause on April 30, 2024, why the *Motion for Suspensive Appeal* should not be dismissed. On April 23, 2024, Ms. Joseph filed her opposition to the motion to dismiss, wherein she argued that she should not be penalized for the city court's delayed signing of the order setting bond and further that the appeals costs had been paid in full on April 2, 2024. The motion to dismiss came for hearing on April 30, 2024. The city court heard arguments from counsel for both parties and ultimately denied the motion, and reduced the judgment to writing on the same day. This appeal followed. In response, Ms. Taylor filed a motion to dismiss the appeal.

*Motion to Dismiss*

Prior to addressing the merits of this appeal, we will first address the *Motion to Dismiss Suspensive Appeal* filed by Ms. Taylor on April 30, 2024. Ms. Taylor asserts that Ms. Joseph's appeal should be dismissed for failure to comply with the deadline found in La. C.C.P. art. 4735, which provides the following:

> An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.

As outlined above, the city court issued its judgment on the rule for possession on September 27, 2023. On September 28, 2023, Ms. Joseph filed her motion for suspensive appeal in accordance with the twenty-four-hour deadline imposed by La. C.C.P. art. 4735. However, the city court did not sign the order granting the motion for appeal and setting the bond until October 2, 2023. Ms. Joseph asserts that on October 5, 2023, her counsel contacted the city court regarding the order,

5

and was informed that the order had been signed on October 2, 2023, but that no notice had been issued. Upon learning this information, Ms. Joseph's bond was paid on the same day—October 5, 2023.

It is well settled that "appeals are favored in law and any doubt shall be resolved in favor of maintaining, rather than dismissing an appeal." *Matthews v. Phillips 66 Co.*, 24-0227, p. 3 (La. App. 4 Cir. 11/13/24), ___ So.3d ___, ___, 2024 WL 4763306, at *6 (quoting *State in Interest of K.B.*, 23-0409, p. 15 (La. App. 4 Cir. 9/26/23), 372 So.3d 864, 877, *writ denied*, 23-01421 (La. 4/3/24), 382 So.3d 106). "Therefore, '[u]nless the grounds for dismissal are free from doubt, the appeal should be maintained.'" *Id.* at p. 3, ___ So.3d ___, 2024 WL 4763306, at *7 (quoting *K.B.*, 23-0409, p. 15, 372 So.3d at 877). When a "motion for appeal has been timely filed, the appeal may still be perfected if the tardy filing of the security is imputable to the court system rather than the appellant." *Transamerica Life Ins. Co. v. Fusulier*, unpub., 22-548, p. 1 (La. App. 5 Cir. 12/16/22) (citing *Blue, Williams & Buckley v. Brian Invs., Ltd.*, 96-1451, p. 5 (La. App. 1 Cir. 6/20/97), 706 So.2d 999, 1002).

In the matter before us, the record is devoid of any indication that notice was sent to Ms. Joseph or her counsel providing that the order granting her motion for appeal and setting the bond had been signed by the city court. Additionally, we note that in order for Ms. Joseph to have timely paid her bond within the deadline set forth by La. C.C.P. art. 4735, the city court would have needed to sign the order on the day it was filed so that Ms. Joseph would have known the amount of her bond. Without a timely signing of the order by the city court and without notice that the order had been subsequently signed, we do not intend to hold Ms. Joseph

6

responsible for issues imputable to the city court. As such, Ms. Taylor's motion to dismiss is denied. We now turn to the merits of this appeal.

## DISCUSSION

Ms. Joseph raises two assignments of error: (1) the city court erred as a matter of law by evicting Ms. Joseph when Ms. Taylor did not make out a *prima facie* case to show that she was entitled to a judgment of eviction; and (2) the city court erred as a matter of law in denying Ms. Joseph's affirmative defense that a year-to-year lease requires notice of the lessor's intent to terminate at least thirty days prior to expiration of the term to prevent renewal for a full year, and thus the rule for possession stated no cause of action for eviction and was prematurely filed, warranting dismissal. We begin our discussion by setting forth the standard of review and the applicable law.

*Standard of Review*

"A trial court's ruling on an eviction proceeding is subject to a 'clearly wrong/manifestly erroneous' standard of review on appeal." *Sunset Harbour, LLC v. Renton*, 23-0644, p. 3 (La. App. 4 Cir. 3/19/24), ___ So.3d ___, ___, 2024 WL 1171761, at *2 (quoting *Artspace Bell Sch. v. Tequila Dozier*, 22-0404, p. 3 (La. App. 4 Cir. 12/8/22), 367 So.3d 669, 671). Accordingly, the appellate court must "apply a two-part test: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes the finding is clearly wrong (manifestly erroneous)." *Id.* (quoting *Kirton v. Ramelli Janitorial Serv. Payroll, L.L.C.*, 21-0035, p. 6 (La. App. 4 Cir. 10/13/21), 366 So.3d 356, 360). However, "[w]here legal errors of the trial court have tainted the fact finding process, the verdict below is not reviewed under the manifest error standard and, if

7

the record is complete, the appellate court may make a *de novo* review of the record and determine the preponderance of the evidence." *Guste Homes Resident Mgmt. Corp. v. Thomas*, 20-0110, pp. 8-9 (La. App. 4 Cir. 7/29/20), 302 So.3d 1181, 1187 (quoting *Hous. Auth. of New Orleans v. King*, 12-1372, p. 5 (La. App. 4 Cir. 6/12/13), 119 So.3d 839, 842).

*Evictions*

"Because an eviction can proceed via expedited process, 'procedural protections must be strictly adhered to prior to an eviction to protect the rights of. . . a tenant. . . .'" *JoAnn Place v. Ricard*, 22-0456, p. 11 (La. App. 4 Cir. 12/27/22), 356 So.3d 518, 526 (quoting *Hous. Auth. of New Orleans v. Haynes*, 14-1349, p. 24 (La. App. 4 Cir. 5/13/15), 172 So.3d 91, 104). More specifically, "the rules of evidence contained primarily in the Louisiana Code of Evidence" apply to eviction procedures in Louisiana. *Id.* at p. 12, 356 So.3d at 527 (quoting *Haynes*, 14-1349, p. 24, 172 So.3d at 104). "No 'relaxed' or simplified rules of evidence apply to eviction proceedings." *Id.* (quoting *Haynes*, 14-1349, p. 24, 172 So.3d at 104). "Further, the '[a]rgument of counsel, no matter how artful, is not evidence." *Id.* (quoting *King*, 12-1372, p. 4, 119 So.3d at 842).

"In an eviction proceeding against an occupant, the petitioner is required to make a *prima facie* showing of title to the property, prove the defendant is an occupant as defined in La. C.C.P. art. 4704,[7] and show the purpose of [why] the occupancy has ceased." *Sunset Harbour*, p. 2, ___ So.3d ___, 2024 WL 1171761, at *3-4. Louisiana Code of Civil Procedure article 4701 provides, in pertinent part:

---

[7] Louisiana Code of Civil Procedure art. 4704 provides, in pertinent part, that an occupant includes ". . . a lessee of the owner."

When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.

Specific to La. C.C.P. art. 4701, "this Court has held that '*proper* notice to vacate is a prerequisite to filing of the rule for possession. . .'" *JoAnn Place*, 22-0456, p. 13, 356 So.3d at 528 (emphasis in original) (quoting *Lichtentag v. Burns*, 258 So.2d 211, 213 (La. App. 4th Cir. 1972). In other words, "Louisiana's summary eviction procedure 'also requires that notice must include the grounds upon which eviction is sought.'" *Id.* at p. 14, 356 So.3d at 528 (quoting *Trahan v. 2010 Beglis, L.L.C.*, 11-0365, p. 6 (La. App. 3 Cir. 12/14/11), 81 So.3d 192, 196). The notice is so essential that, without it, "there can be no judgment issued under La. C.C.P. art. 4701." *Id.* (quoting *Kushi Healthcare, L.L.C. v. St. James Behavioral Health Hosp., Inc.*, 15-0007, p. 9 (La. App. 1 Cir. 6/5/15), 174 So.3d 1192, 1198). "The burden of proving notice rests with the lessor." *Id.* at p. 15, 356 So.3d at 528 (citing *Williams v. Reynolds*, 448 So.2d 845, 847 (La. App. 2d Cir. 1984)). Ultimately, "a judgment of eviction must be reversed if the lessor fails to meet its burden of proof." *Id.* (citing *Hous. Auth. of New Orleans v. Haynes*, 14-1349, p. 15 (La. App. 4 Cir. 5/13/15), 172 So.3d 91, 99). Having discussed the relevant law, we now turn to Ms. Joseph's assigned errors.

*Assignment of Error No. 1 - Failure to Meet Burden of Proof*

Ms. Joseph argues that Ms. Taylor did not properly enter the lease agreement or the notice to vacate into evidence. Without the lease agreement, Ms. Joseph asserts that Ms. Taylor could not meet her burden of providing a legitimate basis for eviction. Further, without the notice to vacate, Ms. Joseph asserts that the

9

city court could not issue a judgment pursuant to La. C.C.P. art. 4701. Conversely, Ms. Taylor argues that both the lease agreement and the notice to vacate were entered into evidence based on the city court's consideration of both at the hearing, the references to both made by each party during the hearing, and the inclusion of each in the record before this Court. Thus, because the city court was fully apprised of the lease agreement and the notice to vacate, Ms. Taylor posits that the rule for possession was properly granted.

After review of the record, we find neither the lease nor the notice to vacate were offered into evidence on either the exception of prematurity or the hearing on the affirmative defense. However, the lease was attached to Ms. Joseph's rule for possession, making it proper evidence for our review.[8] As for testimony, Ms. Joseph and Ms. Taylor both testified as to the exception of prematurity before the city court, which dealt mainly with Ms. Joseph's alleged claims that Ms. Taylor violated the Healthy Homes Program. However, as we espoused earlier in this opinion, none of the testimony provided was relevant to this appeal. In fact, after the testimony was completed, counsel for both parties presented closing arguments, and the city court then denied the exception of prematurity before continuing with argument on the affirmative defense. Thereafter, no further testimony was offered. Regarding exhibits, counsel for Ms. Joseph presented the only document formally offered into evidence, which was an email exchange pertaining to the electricity and zoning issues under the exception of prematurity. Later in the argument on the exception of prematurity, counsel for Ms. Joseph attempted to offer a series of text messages as an exhibit, but counsel for Ms.

_____

[8] *See generally JoAnn Place*, 22-0456, pp. 2-4, 356 So.3d at 521-22, wherein this Court reviewed five exhibits which the plaintiff had attached to their Rule for Possession.

Taylor made an objection, which was sustained by the city court. There were no documents offered into evidence by either party during the argument on the affirmative defense.

We note that the record clearly displays that, during argument on the affirmative defense, the city court had a copy of the lease and notice to vacate, as both documents were referenced throughout the hearing. However, the notice to vacate was never formally offered, filed, and introduced into evidence. There is no dispute among the parties that the lease was attached as an exhibit to the rule for possession. It is also undisputed that the notice to vacate specifically was not offered, filed and introduced into evidence.[9] What is in dispute, however, is whether the notice to vacate, which is contained in the city court's record, is properly before us on appeal. In *Cosey on Behalf of Hilliard v. Flight Acad. of New Orleans, LLC*, the district court was presented with a summary judgment filed by defendants. 22-0503, p. 1 (La. App. 4 Cir. 1/18/23), 357 So.3d 857, 860. The plaintiffs had filed an opposition to the motion for summary judgment, attaching to it two expert reports. The defendants, in both their reply memorandum and their appellate brief to this Court, objected to the two expert reports as improper evidence for a motion for summary judgment. However, at the hearing in the district court, counsel for plaintiffs did not offer the expert reports into evidence, and thus the district court did not rule on the defendants' objection. As such, once the case was on appeal, this Court noted that "those reports were not made part of the record and [were] not properly before [this Court]." *Id.* at p. 7, 357 So.3d at 863, n.7. In pretermitting discussion of the objection, this Court noted that

---

[9] Ms. Taylor's brief provides that "[t]he fact that the notice was discussed and acknowledged by all parties further reinforces that it was effectively before the court, even if the physical document was not entered into evidence."

11

"[e]vidence that is not properly and officially offered and introduced cannot be considered on appeal, even if the evidence is physically placed in the record." *Id.* (citation omitted).

In the case *sub judice*, without the notice to vacate and without any testimony on the subject, we cannot find that Ms. Joseph was properly notified as to when or why she needed to vacate the property. We further reiterate that it is well-settled law that argument of counsel is not evidence. *See JoAnn Place*, 22-0456, p. 12, 356 So.3d at 527. Thus, without having this necessary document before us for review, we find that Ms. Taylor failed to establish a *prima facie* showing of the legal grounds upon which she alleges Ms. Joseph should be evicted. With Ms. Taylor failing to meet her burden of proof, and in keeping with previously cited precedent, we vacate the city court's judgment evicting Ms. Joseph based on expiration of the lease. *See JoAnn Place*, 22-0456, p. 15, 356 So.3d at 528.

Having reached this conclusion, we pretermit discussion of Ms. Taylor's second assignment of error.

## DECREE

For the aforementioned reasons, we vacate the city court's September 27, 2023 judgment, and remand the matter to the city court for further proceedings consistent with this opinion.

**VACATED AND REMANDED**